■ PETER SPANOS et al., as Directors of Scott's Beach Club, Inc., Appellants, v MARIE BOSCHEN, Respondent.—In an action, *inter alia,* to vacate the release of a restrictive covenant, plaintiffs appeal from an order of the Supreme Court, Suffolk County, entered July 25, 1977, which granted defendant's motion to dismiss the complaint. Order affirmed, with $50 costs and disbursements. Plaintiffs brought this action jointly, as directors of Scott's Beach Club, Inc., to nullify a release of a restrictive covenant

granted to defendant. There is nothing in the record to indicate that this action is being taken in the right of the corporation or that these directors acted formally as a board of directors in bringing suit. Despite the fact that the named plaintiffs constitute four fifths of the board and are also officers of the beach club, they may not bring this action in the right of the club, which is a New York not-for-profit corporation, without acting formally as a board of directors (see *Douglas Dev. Corp. v Carillo,* 64 NYS2d 747). The powers of a director acting as an individual are strictly limited, and properly so *(Bayer v Beran,* 49 NYS2d 2). The management of a not-for-profit corporation is vested in its board, not in its directors acting individually (Not-for-Profit Corporation Law, § 701). To allow individual directors to bring actions for the benefit of their corporation against parties who themselves are neither directors nor officers would be unfair to prospective defendants. Such persons could be subjected to multiple suits or to suits by individual directors who disagree with a determination made by the corporation that no suit is warranted. The plaintiffs will not be deprived of all remedies by dismissal of this action since they may still be able to bring suit either acting as board of directors on behalf of the corporation, or, perhaps, in a derivative action under section 623 of the Not-for-Profit Corporation Law. Hopkins, J. P., Latham, Damiani and Titone, JJ., concur.