■ PURCHASE ENVIRONMENTAL PROTECTIVE ASSOCIATION, INC., et al., Appellants, v BRUNO STRATI et al., Respondents, and HERITAGE AT PURCHASE et al., Intervenors-Respondents.— In a proceeding pursuant to CPLR article 78 to review the determinations of the respondent Planning Board of the Town/Village of Harrison both dated September 22, 1987, granting the intervenors a permit to conduct certain defined activities in protected wetlands and granting preliminary site plan and subdivision approval, respectively, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered February 23, 1989, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determinations are annulled, and the matter is remitted to the respondent Planning Board of the Town/Village of Harrison for further proceedings in accordance herewith.

The intervenors Heritage At Purchase and Heritage Development Group, Inc. applied to the Planning Board of the Town/Village of Harrison (hereinafter Planning Board) for a site plan approval in connection with their 240-acre proposed development. In connection with this application, the intervenors also applied for a permit to conduct regulated activity on or adjacent to freshwater wetlands pursuant to the Town of Harrison Freshwater Wetlands Law. Although the Planning Board found as a matter of fact that not all of the wetlands present on the site had been properly delineated in accordance with the strict requirements of the Freshwater Wetlands Law (Harrison Code § 149-6 [B] [1], [3]), it granted the application to conduct the regulated activity, finding that its expert consultants had properly excluded from consideration certain wetlands present on the site as a matter of their "subjective determination". The Planning Board also granted the application for preliminary subdivision site plan approval. The final environmental impact statement submitted in connection with the subdivision plan similarly failed to take into account either the extent or nature of the additional wetlands present on the site.

The Planning Board improperly failed to require that the intervenors properly delineate all wetlands present on the site as required under the Town of Harrison Freshwater Wetlands Law. The Planning Board's determination to issue the permit to conduct regulated activities on the wetlands was based upon an erroneous interpretation of the law and thus, it must be annulled *(see, Matter of American Tel. & Tel. Co. v State Tax Comm.,* 61 NY2d 393, 400). In addition, since the Planning Board failed to consider the additional wetlands, it failed to take the requisite "hard look" at environmental concerns mandated by the New York State Environmental Quality Review Act (hereinafter SEQRA; *see,* ECL 8-0101—8-0113) and violated the procedural requirements of that act *(see, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 416; *cf., Aldrich v Pattison,* 107 AD2d 258, 267, 271-272). Nor can it be argued that the Planning Board properly chose to forego consideration of the additional wetlands based on the expert consultants' own determination. There is no coherent evaluation of the additional wetlands in the record, and the

delegation of such a decision-making obligation to expert consultants is inconsistent with SEQRA procedures *(see, Glen Head—Glenwood Landing Civic Council v Town of Oyster Bay,* 88 AD2d 484, 492). Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.