In the Matter of Otsego 2000, Inc., Appellant, v Planning Board of the Town of Otsego et al., Respondents.

Third Department, October 31, 1991

## APPEARANCES OF COUNSEL

*Burke, Cavalier, Linda & Engel, P. C. (Andrew W. Gilchrist* of counsel), for appellant.

*Dorfman, McCormack, Lynch & Phillips (Dennis E. A. Lynch* of counsel), for Five Mile Point Development Corporation, respondent.

*Robert K. Anderberg* for Open Space Institute, Inc. and others, *amici curiae.*

## OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether petitioner, a not-for-profit corporation organized for charitable purposes which include the preservation and promotion of the natural beauty, wholesome environment and varied economic landscape of the Otsego Lake region, has standing to maintain this proceeding to annul a determination of respondent Planning Board of the Town of Otsego in Otsego County which granted, *inter alia,* preliminary approval of a property owner's application to construct a number of residential units. Petitioner contends that the Planning Board violated the provisions of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), the Town's land use law and subdivision regulations, and Real Property Law § 339-f. We agree with Supreme Court that petitioner lacks standing to maintain this proceeding and, therefore, affirm the judgment.

The gist of petitioner's standing claim is that it is vitally concerned with the future of Otsego Lake and its surrounding land, which have unique environmental, ecological, recreational and aesthetic characteristics. According to petitioner, its members include residents of the Town and other communities surrounding Otsego Lake who are interested in these environmental and related land use issues. Based upon these allegations, petitioner claims that the interests it seeks to promote by mounting this challenge to the Planning Board's action are within the zone of interest protected by SEQRA and the Town's land use regulations. As the Court of Appeals recently made clear, however, the zone of interest test is a limitation which the courts have added as a rule of self-restraint to supplement the essential principle of injury in fact, which the court described as the "touchstone" of standing *(Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772). The court specifically explained: "In land use matters especially, we have long imposed the limitation that the plaintiff, for standing purposes, must show that it would suffer direct harm, injury that is in some way different from that of

the public at large * * * This requirement applies whether the challenge to governmental action is based on a SEQRA violation * * * or other grounds" *(supra,* at 774).

There is nothing in the record to indicate that petitioner has standing in its own right to maintain this proceeding. For example, there is no allegation that petitioner is an owner of the property that is the subject of the governmental action *(see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 529). Nor is there any claim that petitioner uses the property that is the subject of the governmental action *(see, Matter of Industrial Liaison Comm. of Niagara Falls Area Chamber of Commerce v Williams,* 131 AD2d 205, 210, *affd* 72 NY2d 137). In addition, there is no claim that petitioner is an owner of property in close proximity to the proposed project who will be adversely affected *(see, Matter of Friends of Woodstock v Town of Woodstock Planning Bd.,* 152 AD2d 876, 878). Rather, petitioner appears to be an organization dedicated to environmental preservation seeking to represent persons who are concerned with environmental and related land use issues. "In such instances, in-fact injury within the zone of interest of environmental statutes has been established by proof that agency action will directly harm association members in their use and enjoyment of the affected natural resources" *(Society of Plastics Indus. v County of Suffolk, supra,* at 776), but petitioner has failed to submit such proof here. The record is devoid of any claim of specific cognizable harm, environmental or otherwise, to any natural resource used by petitioner's members. Instead, petitioner's allegations can be characterized at best as generalized claims of harm no different in kind or degree from the public at large, which are insufficient for standing purposes *(see, supra,* at 778; *see also, Greenwich Citizens Comm. v Counties of Warren & Washington Indus. Dev. Agency,* 164 AD2d 469, 472, *lv denied* 77 NY2d 810).

When, as here, the petitioner is an association or organization, "the key determination to be made is whether one or more of its members would have standing to sue; standing cannot be achieved merely by multiplying the persons a group purports to represent" *(Society of Plastics Indus. v County of Suffolk, supra,* at 775). According to petitioner's president, petitioner has neither a membership fee nor a formal application process for prospective members. It maintains a mailing list for circulation of information and utilizes this mailing list as its membership list. Assuming that petitioner actually

represents all of the persons whose names appear on the mailing/membership list, there is nothing in the record to show that as a direct result of the Planning Board's action any of these persons are threatened by some cognizable injury, different in kind or degree from the public at large.

Petitioner contends that it represents an owner of property adjacent to the proposed project, who might be subject to an inference of damage or injury which arises from close proximity (see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, 69 NY2d 406, 414). The property owner's name does not, however, appear on petitioner's mailing/membership list and petitioner offers no explanation for its absence. Nor is there an affidavit from the property owner to establish that petitioner is acting as her representative. In these circumstances, we conclude that petitioner has failed to establish the requisite injury and that it is the proper party to seek redress for that injury. In this regard, we note that this is not a case where a denial of standing to petitioner will insulate the governmental action from judicial review (see, Matter of Har Enters. v Town of Brookhaven, 74 NY2d 524, 529, supra).

The brief submitted by the amici curiae argues that the denial of standing to petitioner represents an undue restriction upon the ability of environmental and land use organizations to obtain judicial review of administrative determinations. We conclude, however, that the denial of standing to petitioner is not the result of an undue restrictive application of legal principles, but instead is the result of petitioner's failure to submit the proof necessary to meet the well-established requirements for standing in land use matters.

MAHONEY, P. J., WEISS, MERCURE and CREW III, JJ., concur.

Ordered that the judgment is affirmed, without costs.