■ In the Matter of ROBERT L. SCHULZ et al., Appellants, v WARREN COUNTY BOARD OF SUPERVISORS et al., Respondents. [614 NYS2d 809] —Casey, J. Appeal from a judgment of the

Supreme Court (Dier, J.), entered May 22, 1992 in Warren County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition.

At issue in this proceeding is whether petitioners have standing to challenge respondents' determinations to accept as complete a final environmental impact statement (hereinafter FEIS) concerning the subject of sewering within the Town of Hague, Warren County, and to adopt a statement of findings based upon the findings and conclusions of the FEIS. We agree with Supreme Court that petitioners lack the requisite standing and, therefore, we affirm the judgment.

Petitioners contend that as residents of Warren County they can maintain a taxpayer action pursuant to General Municipal Law § 51. In the alternative, they allege standing as State taxpayers under State Finance Law § 123. According to petitioners, respondents' actions in accepting and adopting the FEIS were illegal and, therefore, any expenditure of money by respondents in funding the study and preparation of the FEIS was illegal. Assuming that respondents erred in accepting and adopting the FEIS, there is no evidence of the type of fraud or illegality necessary to support a taxpayer action pursuant to General Municipal Law § 51 (see, Mesivta of Forest Hills Inst. v City of New York, 58 NY2d 1014; Greenwich Citizens Comm. v Counties of Warren & Washington Indus. Dev. Agency, 164 AD2d 469, 472, lv denied 77 NY2d 810, cert denied sub nom. Schulz v Washington County, 502 US 1076, 112 S Ct 976).

We reach a similar conclusion regarding petitioners' standing under State Finance Law § 123. The State funds relied upon by petitioners were part of a municipal local assistance grant from the Department of Environmental Conservation to plan and design comprehensive wastewater management facilities for the southern basin of Lake George. The grant included authorization and funding for design of a separate wastewater treatment facility to serve Hague. The FEIS challenged by petitioners was prepared as part of the latter project, and the expenditure of funds in the preparation, acceptance and adoption of the FEIS were clearly within the scope of the grant's authorization. That respondents' determinations to accept and adopt the FEIS may have been erroneous due to lack of compliance with the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA), as petitioners allege, does not make the expenditure of State funds in the preparation of the FEIS illegal.

Petitioners also contend that they have standing to maintain an "environmental review action" because they will suffer personal environmental injury and harm. The essential principle of injury in fact remains the "touchstone" of standing, and the requirement that injury in some way different from that of the public at large be shown "applies whether the challenge to governmental action is based on a SEQRA violation * * * or other grounds" *(Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 774 [citations omitted]). The owners of property affected by the governmental action might have standing to seek judicial review of SEQRA compliance "without the necessity of demonstrating the likelihood of resultant environmental harm" *(Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 529; *see, Matter of Schulz v New York State Dept. of Envtl. Conservation,* 200 AD2d 793, *appeal dismissed* 83 NY2d 848), but petitioners do not own property in Hague. According to petitioners, the project will lead to more intense development and, consequently, increased runoff pollution which will result in a degradation of the quality of the waters of Lake George, which petitioners allegedly use for drinking, boating, fishing and swimming. Although petitioners own property on Lake George, the lake is a public body of water and their allegations are merely generalized claims of harm no different in kind or degree from the public at large, which are insufficient for standing purposes *(see, Matter of Otsego 2000 v Planning Bd.,* 171 AD2d 258, 260, *lv denied* 79 NY2d 753). We also note that this is not a case where a denial of standing to petitioners will insulate the governmental action from judicial review *(see, supra,* at 261).

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the judgment is affirmed, without costs.