■ In the Matter of DONALD H. GERDTS et al., Appellants, v STATE OF NEW YORK et al., Respondents. [620 NYS2d 512] —Casey, J. Appeal from a judgment of the Supreme Court (Spain, J.), entered July 12, 1993 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motions to dismiss the petition/complaint for, *inter alia,* failure to state a cause of action.

As residents, taxpayers and/or property owners in the Adirondack Park, petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action against

various private individuals, State officials, the Adirondack Council and the Adirondack Park Agency (hereinafter APA) to challenge an assortment of APA actions. Petitioners' challenge focuses largely upon the APA's imposition of various permit conditions during its review of projects and upon the APA's participation in, or sponsorship of, certain environmental conferences. According to petitioners, the Adirondack Park Agency Act does not authorize the APA to impose the broad range of conditions that it has imposed on various projects and does not authorize the APA's participation or sponsorship of environmental conferences. In the judgment on appeal, Supreme Court dismissed the proceeding/action for lack of personal jurisdiction as to several individuals, dismissed many of petitioners' claims for lack of standing, and dismissed the remaining claims for failure to state a cause of action. We affirm the judgment.

Petitioners' failure to comply with the requirements for service of process deprived Supreme Court of personal jurisdiction over the individuals who were not properly served, regardless of whether those individuals actually received notice (see, Macchia v Russo, 67 NY2d 592, 595). Petitioners' status as pro se litigants does not justify a different result (see, Brooks v Inn at Saratoga Assn., 188 AD2d 921). We also agree with Supreme Court that the Adirondack Council is not a proper party to petitioners' challenge to the actions of the APA, a State agency.

As to the standing issue, petitioners were not a party to any of the administrative proceedings which resulted in the permit conditions alleged to be unauthorized. Nor do the conditions apply to any property owned by petitioners. Nor do petitioners claim that the conditions prevent them from engaging in any particular activity. Accordingly, petitioners concede that they have not suffered any special harm different from any other property owner or resident in the Adirondack Park, which would ordinarily deprive them of the necessary cognizable interest to have standing (see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, 69 NY2d 406, 412-413). Nevertheless, petitioners contend that they have standing because the conditions are the result of the APA's pervasive and systematic abuse of authority which has created "an ever-tightening body of lawless rules to strangle the Adirondacks". According to petitioners, this body of lawless rules or controls violates their "right to due process and right to pursue happiness under the Declaration of Independence". Relying upon Matter of Har Enters. v Town of Brookhaven (74 NY2d 524, 529),

petitioners contend that their interest is such that they have standing despite the absence of some special harm.

In *Matter of Har Enters. v Town of Brookhaven (supra,* at 526), the Court of Appeals held that a petitioner whose property is the subject of the proposed action, in that case a zoning change, is presumptively adversely affected by an alleged violation of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) and has standing to assert the SEQRA violation without a specific allegation of harm. In so doing, however, the court noted that the general rules regarding standing had to be applied in light of "the distinctive characteristics of the SEQRA statutory scheme and the particular function of the courts in reviewing the adequacy of SEQRA compliance" *(supra,* at 528). Neither lack of compliance with SEQRA nor potential environmental harm is claimed by petitioners in this case and, therefore, any liberalization of the general standing rules for allegations of SEQRA violations and environmental harm recognized in the *Har Enters.* case is inapplicable.

In any event, petitioners' properties are not the subject of any proposed APA action. The conditions alleged by petitioners to be unauthorized were imposed by the APA in administrative proceedings which involved other properties in the Adirondack Park. In these circumstances, although petitioners allegedly own property in the Adirondack Park, we conclude that the close nexus that was present in the *Har Enters.* case *(supra)* is lacking. Petitioners were not presumptively aggrieved and, therefore, must demonstrate special injury before they can be afforded standing to challenge APA's actions *(see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433-434). Petitioners' claim that they are adversely affected by a body of lawless rules or controls created by the conditions imposed by the APA in proceedings involving property owned by others does not, in our view, constitute aggrievement different in kind and degree from the community generally *(see, Matter of Schulz v Warren County Bd. of Supervisors,* 206 AD2d 672).

Petitioners also claim standing as taxpayers under State Finance Law § 123. According to petitioners, they have standing as taxpayers to challenge the APA's authority to impose the permit conditions because any expenditure of funds in connection with the imposition of unauthorized conditions would be illegal. We rejected a similar argument in *Matter of Schulz v Warren County Bd. of Supervisors (supra)* and we do so here as well. That an administrative agency necessarily

expends some of its funding to conduct an administrative proceeding does not mean any taxpayer can obtain judicial review of the administrative determination which results from the proceeding on the theory that if the determination is unlawful the funds expended during the administrative process were illegal expenditures within the meaning of State Finance Law § 123. Nor do we see any basis for reaching a different conclusion merely because petitioners' challenge is directed at a number of APA determinations, rather than one. The fact remains that the APA clearly had the authority to engage in the review process, which included the general authority to attach conditions to permits *(see,* Executive Law § 809), and petitioners do not claim otherwise. Rather, petitioners claim that certain conditions imposed by the APA in certain proceedings were unlawful and exceeded the APA's authority, but such a claim is not directed at the illegal expenditure of funds and is insufficient to confer standing under State Finance Law § 123.

We reach a different conclusion, as did Supreme Court, with regard to petitioners' claims concerning the APA's participation and/or sponsorship of environmental conferences. Such claims are directed at the expenditure of funds to engage in an activity that is alleged to be unauthorized, rather than at the expenditure of funds to engage in one or more authorized administrative proceedings which produce determinations that are alleged to be erroneous. We also agree with Supreme Court that petitioners' claims concerning the APA's participation and/or sponsorship of environmental conferences fail to state a cause of action.

According to petitioners, the APA cannot act as a "forum" for environmental conferences and programs because the Adirondack Park Agency Act does not specifically authorize the APA to do so. The absence of explicit statutory authorization is not necessarily fatal. Especially in complex fields, "[t]he Legislature is not required in its enactments to supply agencies with rigid marching orders" *(Matter of Citizens For An Orderly Energy Policy v Cuomo,* 78 NY2d 398, 410). As an administrative agency, the APA has those powers expressly conferred by its authorizing statute, as well as those required by necessary implication *(see, e.g., Matter of Shankman v Axelrod,* 73 NY2d 203, 206). "The APA is charged with an awesome responsibility and the Legislature has granted it formidable powers to carry out its task [citation omitted]" *(Matter of Long v Adirondack Park Agency,* 76 NY2d 416, 421). Nevertheless, the APA cannot operate outside its law-

fully designated sphere, with the propriety of its actions often depending upon the nature of the subject matter and the breadth of the legislatively conferred authority *(see, Matter of City of New York v State of N. Y. Commn. on Cable Tel.,* 47 NY2d 89, 92-93). Considering the Legislature's comprehensive statement of findings and purposes contained in Executive Law § 801 and the delegation of power to the APA "to do any and all things necessary or convenient to carry out the purposes and policies of this article" (Executive Law § 804 [9]), we conclude that the APA did not exceed its authority by participating in and/or sponsoring environmental conferences. The negative inference approach argued by petitioners is a disfavored interpretive tool, especially where, as here, the legislation includes a broad delegation of authority to effect the stated legislative goals *(see, Matter of Citizens For An Orderly Energy Policy v Cuomo, supra,* at 412).

For the foregoing reasons, Supreme Court correctly dismissed the petition/complaint in its entirety. Although we find petitioners' arguments insufficient to merit reversal or modification of Supreme Court's judgment, we cannot say that petitioners engaged in frivolous conduct by pursuing this appeal *(see,* 22 NYCRR 130-1.1 [a]). Accordingly, we deny the request to impose sanctions.

Mikoll, J. P., Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.