■ In the Matter of JANET BUERGER, Appellant, v TOWN OF GRAFTON et al., Respondents. [652 NYS2d 880] —White, J. P. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered March 13, 1996 in Rensselaer County, which, inter alia, in a proceeding pursuant to CPLR article 78, dismissed the petition due to petitioner's lack of standing.

In November 1994, respondent First Grafton Corporation filed with respondent Town of Grafton Planning Board (hereinafter the Board) a site plan application to subdivide a 626-acre parcel of undeveloped land located in the Towns of Grafton and Berlin, Rensselaer County, into 20 lots and construct approximately 7,400 feet of roadway. Accompanying the application was a full environmental assessment form. Thereafter, the Board classified the subdivision as an unlisted action under the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) and designated itself the lead agency. It also retained a professional engineering consultant to advise it regarding the SEQRA process. Following two public hearings, the Board issued a negative declaration, principally because the subdivision leaves 95% of the forest undisturbed and a month later granted preliminary approval of the application subject to certain conditions. Whereupon, petitioner commenced this CPLR article 78 proceeding challenging the Board's action, contending that it failed to comply with SEQRA. Supreme Court, finding that petitioner lacked standing and that, in any event, the Board did comply with SEQRA, dismissed the petition. This appeal ensued.

Unless the SEQRA review was undertaken as part of a zoning enactment, standing will be conferred upon a party seeking to raise a SEQRA challenge only if it can demonstrate that it will suffer a specific environmental injury rather than one that is solely economic in nature (see, Matter of Gernatt

*Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 687; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433). We have applied this rule to grant standing where it was shown that the proposed action might affect the party's water supply (*see, Matter of Many v Village of Sharon Springs Bd. of Trustees*, 218 AD2d 845; *Chase v Board of Educ.*, 188 AD2d 192, 199) but have denied standing where a party merely raised generalized concerns (*see, Matter of Gerdts v State of New York*, 210 AD2d 645, 647, *lv denied* 85 NY2d 810, *appeal dismissed* 85 NY2d 856; *Matter of Schulz v Warren County Bd. of Supervisors*, 206 AD2d 672, 674, *lv denied* 85 NY2d 805).

In this instance, the record shows that petitioner owns property on Taconic Lake which, while not abutting First Grafton's property, is within 600 feet of the subdivision's proposed access road. Petitioner is also a member of the Taconic Lake Association (hereinafter TLA), a not-for-profit corporation that owns approximately 400 acres of land contiguous to First Grafton's. Petitioner claims that if the access road is built she can expect flood damage because the construction activity will interrupt the water flow. She further envisions forest habitat degradation since the construction of the road will create an "edge" that will result in "forest fragmentation". She further points out that when there was construction activity in 1991 and 1994, the waters of Taconic Lake became murky. She also notes that TLA's well is within $1/4$ mile of the road construction. While these are serious concerns, they are not specific to petitioner but are general concerns shared by all the residents of the area (*see, Matter of Schulz v New York State Dept. of Envtl. Conservation*, 186 AD2d 941, 942, *lv denied* 81 NY2d 704). Moreover, petitioner's claims of environmental injury to TLA are unavailing as she has not shown that she has authority to represent its interests in this matter (*see, Spanos v Boschen*, 61 AD2d 837, 838). Accordingly, we agree with Supreme Court that petitioner lacked standing to maintain this proceeding.

Assuming that petitioner had standing, our inquiry would be limited to determining whether the Board " 'identified the relevant areas of environmental concern, took a "hard look" at them and made a "reasoned elaboration" of the basis for its determination' " (*Matter of King v Saratoga County Bd. of Supervisors*, 89 NY2d 341, 349-350, quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417). The record evidence shows that the Board had the assistance of a professional engineer, solicited comments from interested governmental agencies and held two public hearings. Predicated upon the information generated by this process, the Board determined that the proposed subdivision would not

have a significant adverse impact on the land, water quality, the State and Federally regulated wetlands existing on the property, the aesthetic resources including noise pollution, the flora and fauna and the community. As part of its determination it pointed out that it had induced First Grafton to undertake numerous mitigation measures that, in its view, would eliminate all of the potential threats to the environment associated with this project. While petitioner disagrees with the Board's analysis and conclusions supporting its determination, it is clear to us that it fully performed its obligations under SEQRA and did not abuse its discretion in issuing a negative declaration for this project (*see, Matter of Byer v Town of Poestenkill*, 232 AD2d 851, 854-855; *Matter of Save the Pine Bush v Planning Bd.*, 217 AD2d 767, 770, *lv denied* 87 NY2d 803; *Matter of Balsam Lake Anglers Club v Department of Envtl. Conservation*, 199 AD2d 852, 855; *Matter of Heritage Co. v Belanger*, 191 AD2d 790, 792).

Lastly, we reject petitioner's argument that the Board improperly segmented the review process as there is no indication that the proposed subdivision is the first phase of a larger plan to further subdivide the property (*compare, Matter of Teich v Buchheit*, 221 AD2d 452, 454; *Sun Co. v City of Syracuse Indus. Dev. Agency*, 209 AD2d 34, 47, *appeal dismissed* 86 NY2d 776; *Matter of Farrington Close Condominium Bd. of Mgrs. v Incorporated Vil. of Southampton*, 205 AD2d 623, 626).

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.