■ In the Matter of DAVID BOYLE et al., Appellants, v TOWN OF WOODSTOCK et al., Respondents. [682 NYS2d 729] —Mikoll,

J. P. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 7, 1997 in Ulster County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, dismissed the petition/complaint due to petitioners' lack of standing.

In September 1996, respondent Woodstock Town Board passed resolutions authorizing construction of a new highway department garage at the site of respondent Town of Woodstock's former landfill, and a bond issue to finance the project's construction costs.[1] Both resolutions were subject to voter referendum and were approved by the electorate in November 1996. Petitioners thereafter commenced this combined CPLR article 78 and declaratory judgment action challenging the Town Board's resolutions on the basis of claimed violations of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) and seeking to annul the referendum vote approving the project, and to enjoin the issuance of bonds and the expenditure of existing capital funds to finance the project. Petitioners also asserted a taxpayer claim under General Municipal Law § 51 relating to respondents' use of public funds to publish and distribute a newsletter encouraging voters to support the propositions.

Before answering the amended complaint/petition, respondents moved to dismiss based on, *inter alia*, petitioners' lack of standing to maintain an action based on a claimed SEQRA violation, and their failure to post a bond as required by General Municipal Law § 51. Supreme Court dismissed the petition/complaint, finding that petitioners lacked standing with respect to any alleged SEQRA violations and that petitioners had failed to post the required bond on the taxpayer's action. Further, the court found that the content of the newsletter of which petitioners complained was "reasonably neutral" and thus did not violate either General Municipal Law § 51 or NY Constitution, article VIII, § 1.

Petitioners subsequently moved to set aside the dismissal based upon newly discovered evidence, which Supreme Court denied. Petitioners appeal only from the original order of dismissal.[2]

Supreme Court properly determined that petitioners lacked

1. Prior thereto, the Town, acting as lead agency for the requisite environmental impact assessment, had issued a "NOTICE OF DETERMINATION OF NON-SIGNIFICANCE" finding that the proposed project would not result in any significant adverse environmental impact.

2. Although petitioners did not file a notice of appeal with respect to Supreme Court's denial of the motion to set aside the dismissal based upon

standing to assert a SEQRA violation. It is well settled that unless the claimed SEQRA violation relates to a zoning enactment, a party must allege a specific environmental injury which is "in some way different from that of the public at large" (*see, Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761; *Matter of Buerger v Town of Grafton*, 235 AD2d 984, *lv denied* 89 NY2d 816; *Matter of Schulz v Warren County Bd. of Supervisors*, 206 AD2d 672, *lv denied* 85 NY2d 805; *Matter of Schulz v New York State Dept. of Envtl. Conservation*, 186 AD2d 941). The deficiency of petitioners' allegations in this regard is foreshadowed in their statement, at the beginning of their petition/complaint, that "It is with the gravest of concerns for the public health, safety, and welfare that the petitioners bring this [action]." Although the complaint/petition details numerous acts of claimed malfeasance and nonfeasance on the part of respondents, it fails to identify any specific, direct environmental harm to petitioners flowing from the construction of the new garage.

We note that in support of the motion to set aside the dismissal based upon newly discovered evidence, petitioner John Nadalin submitted an affidavit alleging, *inter alia*, that his property is located within one half of a mile of the proposed site and that his quality of life and property value will be adversely affected by "air, noise, and water pollution" from the proposed site. Petitioners have not appealed from the denial of this motion but even were we to consider the substance of the Nadalin affidavit, we would reach the same result. His allegation of the proximity of his property to the proposed site can hardly be construed as "newly discovered evidence", and in any event we agree with Supreme Court's characterization of the allegations therein as merely conclusory and repetitive of the original submissions.

Turning to petitioners' General Municipal Law § 51 claim, respondents concede that Nadalin and petitioners Vincent La Barbera, and Sam Mercer have standing as resident taxpayers, and that their claims should be remitted to Supreme Court for posting of the bond and a determination on the merits. Supreme Court properly found that petitioner David Boyle lacked standing under General Municipal Law § 51. Boyle sold his property in 1995 and last paid taxes thereon that year. When a plaintiff-taxpayer loses his status as such during the pendency of the action, the action abates (*see, Weimer v Board of Educ.*, 52 NY2d 148). With respect to petitioner Sarah Im-

---

newly discovered evidence, the parties have submitted a supplemental record on appeal relating to this issue, to which we refer hereafter.

hof, however, the record discloses that although she transferred her property in 1995 to another individual, she retained a life interest therein. Documentation from the Town confirms that she has a senior citizen tax exemption on the property and that she did in fact pay taxes in 1997.

Inasmuch as respondents did not file an answer to the amended complaint/petition, and Supreme Court did not give notice under CPLR 3211 (c) that it would treat respondents' motions as one for summary judgment, it was error for the court to determine the claim on the merits.

In view of petitioners' status as *pro se* litigants, as well as the fact that the merits of their remaining claims are unresolved, respondents' request for sanctions is denied.

Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, with costs to petitioners, by reversing so much thereof as granted the motion with respect to the General Municipal Law § 51 claim of petitioners Vincent La Barbera, John Nadalin, Sarah Imhof and Sam Mercer; motion denied with respect to said claim of those petitioners; and, as so modified, affirmed.