■ In the Matter of ROBERT L. SCHULZ et al., Respondents, v STATE OF NEW YORK et al., Respondents, and WARREN COUNTY BOARD OF SUPERVISORS, Appellant. [710 NYS2d 702] —Crew III,

J. P. Appeal from a judgment of the Supreme Court (Canfield, J.), entered June 14, 1999 in Albany County, which, *inter alia*, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, granted petitioners' motion enjoining respondent Warren County Board of Supervisors from taking any action in furtherance of the Warren County Sewer Project.

In 1987, legislation entitled the "Lake George Act" was passed creating the Warren County Sewer Project (L 1987, ch 617), and respondent Warren County Board of Supervisors (hereinafter the Board) was designated as the lead agency for the project. Ultimately, the project was divided into three parts, or service areas, for purposes of review under the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA)—the Hague service area (encompassing the Town of Hague), the Southern Basin service area (including areas in the Village and Town of Lake George and the Town of Bolton) and the Queensbury service area (comprising the Town of Queensbury).*

In 1991, the Board accepted the final environmental impact statement (hereinafter FEIS) for the Hague service area. Petitioner Robert L. Schulz's subsequent challenge to the Board's action in this regard was dismissed for lack of standing (*see, Matter of Schulz v Warren County Bd. of Supervisors*, 206 AD2d 672, *lv denied* 85 NY2d 805). Thereafter, in 1993 and 1995, respectively, the Board accepted the FEIS that had been prepared for the Southern Basin service area and the supplemental final environmental impact statement (hereinafter SFEIS) that had been prepared for the Queensbury service area.

Petitioners, who are property owners in Warren County, thereafter commenced a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment challenging the Board's acceptance of the SFEIS for the Queensbury service area and seeking to have the Lake George Act (L 1987, ch 617) declared unconstitutional. By order entered January 17, 1996, Supreme Court (Kahn, J.), *inter alia*, dismissed petitioners' constitutional challenge, ruled that petitioners had standing to challenge the Board's acceptance of the Queensbury SFEIS and directed the Board and respondent Victor Grant, the Warren County Supervisor, to answer. After considering petitioners' challenge on the merits Supreme Court (Kahn, J.), by order entered August 2, 1996, granted the peti-

---

* The Town of Queensbury initially had been part of the Southern Basin service area.

tion to the extent that the Queensbury SFEIS and corresponding statement of findings were declared to be null and void and the Board was enjoined from "undertaking, funding or approving the action [pending compliance with] all applicable provisions of SEQRA." Upon appeal to this Court, Justice Kahn's orders were affirmed in July 1997 (*see, Matter of Schulz v State of New York*, 241 AD2d 806, *appeal dismissed* 90 NY2d 1007).

In December 1997, petitioners moved by order to show cause to have the Board held in contempt for proceeding with its efforts to move forward with the project in the Hague and Southern Basin service areas, contending that such activities were barred pending completion of a new SFEIS for the entire sewer project. Although that portion of petitioners' application seeking to have the Board held in contempt subsequently was withdrawn, Supreme Court (Canfield, J.) did grant petitioners' request to enjoin the Board "from taking any action in furtherance of the final design and construction of *any portion or segment* of the Warren County Sewer Project until a new environmental impact statement [was] adopted for said *entire* Sewer Project in accordance with SEQRA" (emphasis supplied). This appeal by the Board ensued.

The crux of this appeal distills to an apparent dispute as to the scope of Justice Kahn's August 1992 order and this court's affirmance thereof. Petitioners argue that Justice Kahn directed that a new environmental impact statement be prepared for the entire sewer project—a mandate purportedly affirmed by this Court upon petitioners' prior appeal (*see, Matter of Schulz v State of New York, supra*). This argument, however, overlooks the plain language of the underlying decisions and orders.

Even a cursory review of Justice Kahn's August 1992 order reveals that only the SFEIS for the Queensbury service area and the corresponding statement of findings were deemed to be flawed based upon a failure to demonstrate that segmented review was necessary and, further, that the cumulative effects upon the environment of the combined Hague, Southern Basin and Queensbury projects had been considered. Although Justice Kahn's order indeed prohibited, *inter alia,* further funding or approval of "the action" pending compliance with SEQRA, it is apparent from a review of the order as a whole that the phrase "the action" refers solely to the Queensbury portion of the over-all sewer project. Similarly, although this Court acknowledged upon appeal of such order that Justice Kahn had "annulled the SFEIS and ordered that a new environmental impact statement be prepared" (*id.*, at 808), our

prior decision makes it abundantly clear that the SFEIS in question was the one for the Queensbury service area (*see, id.,* at 806). Accordingly, petitioners' assertion that both Justice Kahn and this Court ordered the Board to recommence SEQRA review for the entire sewer project is both belied by the text of the subject decisions and orders and completely unsupported by the record.

In light of the foregoing, and in view of Justice Canfield's finding that any challenge to the FEIS filed for the Hague and Southern Basin service areas, respectively, was time barred, it is difficult to discern the basis for directing that the Board undertake a de novo environmental review for the entire sewer project. In so doing, Justice Canfield effectively granted petitioners the very relief they sought all along—namely, nullification of the environmental impact statements that were filed and accepted at least seven years ago. As this Court previously has held, "SEQRA review of later additions or modifications involving the same project cannot be used 'as a pretext for the correction of perceived problems which existed and should have been addressed earlier in the environmental review process'" (*Matter of Stewart Park & Reserve Coalition v New York State Dept. of Transp.*, 157 AD2d 1, 8, *affd* 77 NY2d 970, quoting *Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 373). Stated another way, petitioners cannot use their challenge to the SFEIS filed for the Queensbury service area as a vehicle for resurrecting their long since time-barred claims with respect to the FEIS for either the Hague or Southern Basin service areas. Accordingly, the only relief to which petitioners are entitled at this juncture is the preparation of a new SFEIS for the Queensbury service area and a stay of activity in furtherance of the Queensbury portion of the over-all sewer project pending acceptance of such SFEIS.

Graffeo, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed that a new environmental impact statement be prepared for the entire Warren County Sewer Project and permanently enjoined respondent Warren County Board of Supervisors from undertaking any action in furtherance of the final design and construction of any portion or segment of such project pending adoption of said new environmental impact statement; a supplemental final environmental impact statement is to be prepared solely for the Queensbury service area and, pending acceptance of such supplemental final environmental impact statement, respondent Warren County Board of Supervisors is enjoined from fur-

ther project activity only insofar as it relates to the Queensbury service area; and, as so modified, affirmed.