■ In the Matter of HUGH GASSNER FIRE COMPANY, INC., et al., Petitioners, v SOUTH SPRING VALLEY FIRE DISTRICT, INC., Respondent. [742 NYS2d 858] —Proceeding pursuant to EDPL article 2 to review a determination of the respondent South Spring Valley Fire District, Inc., dated June 4, 2001, made after a hearing, to condemn certain real property.

Adjudged that the petition is denied and the proceeding is dismissed, with costs.

The petitioners lack standing to bring this proceeding pursuant to the EDPL. As noncondemnees, the petitioners are entitled to nothing more under EDPL 207 than a properly conducted hearing held on proper notice. Such a hearing was held and therefore the petitioners lack standing under the EDPL (*see Matter of East Thirteenth St. Community Assn. v New York State Urban Dev. Corp.,* 84 NY2d 287).

Moreover, the petitioners are not entitled to review of the determination pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). It is well settled that only a noncondemnee who can establish EDPL aggrievement and who can also maintain a separate CPLR article 78 challenge to a SEQRA finding is entitled to seek SEQRA review in the eminent domain proceeding (*see Matter of East Thirteenth St. Community Assn. v New York State Urban Dev. Corp., supra* at 297). Thus, where, as here, the petitioners lack EDPL standing, they may not seek review of SEQRA issues in this proceeding. In addition, the petitioners failed to establish, for standing purposes, that they will suffer direct environmental harm or injury as a result of the condemnation (*see Matter of Buerger v Town of Grafton,* 235 AD2d 984). Florio, J.P., O'Brien, McGinity and H. Miller, JJ., concur.