In the Matter of RICHARD H. BOLTON, Appellant, v TOWN OF SOUTH BRISTOL PLANNING BOARD, Respondent, and BRISTOL HARBOR DEVELOPMENT, LLC, Intervenor-Respondent. [832 NYS2d 729]—

Appeal from a judgment (denominated order) of the Supreme Court, Ontario County (John J. Ark, J.), entered April 20, 2006 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the negative declaration issued by respondent pursuant to the State Environmental Quality Review Act (ECL art 8) in connection with the proposal of respondent-intervenor to expand a residential development overlooking Canandaigua Lake. We conclude that Supreme Court properly dismissed the petition on the ground that petitioner lacks standing to bring this proceeding. Petitioner lives one mile from the residential development, on the opposite side of the lake, and he did not demonstrate that he "will suffer an environmental impact in fact [as a result of the proposed expansion], i.e., one that is in some way different from that of the public at large" (*Matter of Piela v Van Voris*, 229 AD2d 94, 95 [1997]; *see Matter of Buerger v Town of Grafton*, 235 AD2d 984, 984-985 [1997], *lv denied* 89 NY2d 816 [1997]; *Matter of Schulz v Warren County Bd. of Supervisors*, 206 AD2d 672, 674 [1994], *lv denied* 85 NY2d 805 [1995]; *see generally Matter of Gerdts v State of New York*, 210 AD2d 645, 646-647 [1994], *appeal dismissed* 85 NY2d 856 [1995], *lv denied* 85 NY2d 810 [1995]; *Matter of Otsego 2000 v Planning Bd. of Town of Otsego*, 171 AD2d 258, 259-260 [1991], *lv denied* 79 NY2d 753 [1992]). Petitioner's assertions of potential injury are speculative and conclusory and thus are lacking in probative value (*see Matter of Noslen Corp. v Ontario County Bd. of Supervisors*, 295 AD2d 924, 925 [2002]; *see also Buerger*, 235 AD2d at 985). In any event, were we to address the merits of the petition, we would conclude that respondent properly identified the relevant potential environmental impacts of the proposed expansion, took the requisite hard look at those impacts, and made a reasoned elaboration of the basis for its negative declaration (*see generally Matter of Kahn v Pasnik*, 90 NY2d 569, 574 [1997]; *Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688 [1996]; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). Present—Centra, J.P., Lunn, Peradotto and Pine, JJ.