In the Matter of LAURENCE P. SCHWEICHLER, D.D.S., Appellant, v VILLAGE OF CALEDONIA et al., Respondents, et al., Respondents. [845 NYS2d 901]—

Appeal from a judgment (denominated order) of the Supreme Court, Livingston County (Joan S. Kohout, A.J.), entered October 3, 2006 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, dismissed the second amended and supplemental petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the second amended and supplemental petition is granted in part by annulling the determination approving the site plan in question and any resubdivision and the matter is remitted to respondent Village of Caledonia Planning Board for further proceedings in accordance with the following memorandum: Petitioner commenced this hybrid CPLR article 78 proceeding/declaratory judgment action seeking to annul the rezoning of property approved by the Village Board of respondent Village of Caledonia (Village) to enable respondent Hardwood Properties, LLC (Hardwood) to develop a multifamily housing project (project) on the property. In addition, petitioner sought, inter alia, to annul the negative declaration issued pursuant to article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]) and the site plan approval by respondent Village of Caledonia Planning Board (Planning Board). We note at the outset that a declaratory judgment action is not an appropriate procedural vehicle for challenging administrative determinations, and thus this is properly only a proceeding pursuant to CPLR article 78 (see generally Matter of Concetta T. Cerame Irrevocable Family Trust v Town of Perinton Zoning Bd. of Appeals, 27 AD3d 1191, 1192 [2006]).

Contrary to petitioner's contention, the rezoning of the property from an R-2 residential district to an R-3 residential district was not impermissible spot zoning. Although the Village's 2003 comprehensive strategic plan was not a formal enactment pursuant to Village Law § 7-722 (see generally Asian Ams. for Equality v Koch, 72 NY2d 121, 131 [1988]; Los-Green, Inc. v

*Weber,* 156 AD2d 994 [1989], *lv denied* 76 NY2d 701 [1990]), the rezoning pursuant thereto was nevertheless "part of a well-considered and comprehensive plan calculated to serve the general welfare of the community" (*Matter of Daniels v Van Voris,* 241 AD2d 796, 799 [1997]).

We agree with Supreme Court that petitioner had standing to contest the SEQRA determination (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 687-688 [1996]; *see generally Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433 [1990]), and we further agree with the court that the Planning Board took the necessary hard look at environmental impacts by considering, e.g., water resources, aesthetic, historic and archaeological resources, transportation and traffic issues, and the growth and character of the community and neighborhood, before issuing the negative declaration (*see Matter of Kahn v Pasnik,* 90 NY2d 569, 574 [1997]; *Gernatt Asphalt Prods.,* 87 NY2d at 688; *Matter of Bolton v Town of S. Bristol Planning Bd.,* 38 AD3d 1307 [2007]). It was not necessary for the Planning Board to consider the cumulative impact that development of other rezoned properties would have on the environment, particularly with respect to the water supply, inasmuch as there were no other proposed or pending developments of multifamily residences before it (*cf. Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 206-207 [1987]). Moreover, we conclude that the Planning Board's failure to notify the Zoning Board of Appeals of the SEQRA review as an involved agency does not require invalidation of the negative declaration (*see Residents of Bergen Believe in Envt. & Democracy v County of Monroe,* 159 AD2d 81, 83-84 [1990], *appeal dismissed* 76 NY2d 936 [1990], *lv denied* 77 NY2d 803 [1991]; *cf. Matter of Ferrari v Town of Penfield Planning Bd.,* 181 AD2d 149, 151-152 [1992]; *see generally* 6 NYCRR 617.6).

Although we agree with petitioner that the Planning Board technically violated Public Officers Law § 105 (1) at its March 22, 2006 meeting, we conclude that petitioner has not shown "good cause why, as a sanction, we should exercise our discretion to void" the Planning Board's actions as a result of such a violation (*Matter of Griswald v Village of Penn Yan,* 244 AD2d 950, 951 [1997]; *see* § 107 [1]).

Nevertheless, we agree with petitioner that, although there was no technical violation of the General Municipal Law (*see generally* General Municipal Law § 800 [3]; § 809 [2]; *Matter of Zagoreos v Conklin,* 109 AD2d 281, 287 [1985]), three of the members of the Planning Board appeared to have impermissibly prejudged Hardwood's application for rezoning inasmuch as

they signed a petition in favor of the rezoning and the project (*see* 1993 Ops Atty Gen No. 93-6; 1988 Ops Atty Gen No. 88-60; 1984 Ops Atty Gen No. 84-11; *see also* 1988 Ops St Comp No. 88-68; *see generally Matter of DePaolo v Town of Ithaca*, 258 AD2d 68, 72 [1999], *lv denied* 94 NY2d 751 [1999]; 3 Salkin, New York Zoning Law & Practice § 31:09 [4th ed]). In addition, the Planning Board's chairperson manifested actual bias when she wrote a letter to the Mayor supporting both the rezoning and the project, noting therein that she "would really like to see new housing available to [her] should [she] decide to sell [her] home and move into something maintenance free" (*see generally* 3 Salkin, New York Zoning Law & Practice § 31:09). We conclude that the appearance of bias and actual bias in this case require annulment of the Planning Board's site plan approval.

Furthermore, we agree with petitioner that the site plan did not comply with the Village Code and thus that the court erred in concluding that the Planning Board's interpretation of the setback requirements of the Village zoning ordinances had a rational basis and was supported by substantial evidence (*see generally Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 196 [2002]; *Matter of North Country Citizens for Responsible Growth, Inc. v Town of Potsdam Planning Bd.*, 39 AD3d 1098, 1100 [2007]). In reaching that conclusion, the court merely relied on a letter to the Planning Board from the Village Code Enforcement Officer stating in a conclusory manner that "the applicant has produced a plan that will meet all of the zoning requirements." The record is devoid of any actual measurements, and respondents have made no attempt to explain how the measurements on the preliminary site approval map are in compliance with the requirements of the zoning ordinances. We therefore agree with petitioner that the approval of the site plan must be annulled (*see Matter of Tallini v Rose*, 208 AD2d 546 [1994], *lv denied* 85 NY2d 801 [1995]; *see also Purchase Envtl. Protective Assn. v Strati*, 163 AD2d 596, 597 [1990]). In addition, we conclude that the court erred in determining that the resubdivision of the property effectively occurred when the Planning Board approved the site plan. The answer of the Village and the Planning Board to the "second amended and supplemental petition" states that "the Planning Board has yet to authorize merger of the two tax parcels [and] that the commencement of this . . . proceeding stayed final action on the application[, which] will be taken up by the Planning Board when the stay is removed."

We therefore reverse the judgment, grant the second amended

and supplemental petition in part by annulling the determination approving the site plan and any resubdivision and remit the matter to the Planning Board for a de novo determination of the application for site plan approval. We note that, pursuant to Village Law § 7-718 (16) (b), the Planning Board's chairperson is authorized to designate alternate members, if necessary, to replace the three biased members not eligible to participate in the review of the application for site plan approval pursuant to our decision. In the event that the chairperson of the Planning Board determined by this Court to be biased is presently the chairperson of the Planning Board, an acting chairperson pursuant to Village Law § 7-718 (10) should perform the duties of the chairperson with respect to the application for site plan approval. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Green, JJ.