Matter of Titan Concrete, Inc. v Town of Kent (2022 NY Slip Op 01029)





Matter of Titan Concrete, Inc. v Town of Kent


2022 NY Slip Op 01029


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-02251
 (Index No. 500108/18)

[*1]In the Matter of Titan Concrete, Inc., et al., respondents,
v
Town of Kent, et al., appellants.


Sokoloff Stern, LLP, Carle Place, NY (Mark A. Radi of counsel), for appellants.
Polsinelli, P.C., NY (Jason S. Samuels and Aaron E. Zerykier of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to annul Local Law No. 4-2017 of the Town of Kent and action, inter alia, for declaratory relief, the respondents/defendants appeal from an order and judgment (one paper) of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated March 15, 2019. The order and judgment, insofar as appealed from, upon an order of the same court dated February 8, 2019, granted that branch of the petition/complaint which was to annul Local Law No. 4-2017 of the respondent/defendant Town of Kent, annulled the local law and declared it invalid, and denied, as unripe, the respondents/defendants' motion to dismiss the petition/complaint.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioner/plaintiff Kent Investors II, LLC (hereinafter Kent Investors), owns commercial property at 301 Route 52 in the Town of Kent, on which a concrete batch plant operated since at least 1949. Kent Investors purchased the property in 2016, and leased it to the petitioner/plaintiff Titan Concrete, Inc. (hereinafter Titan), to refurbish and operate the concrete plant. After the Town's Zoning Board of Appeals (hereinafter ZBA) concluded that Kent Investors holds a use variance to operate the concrete plant, which runs with the land (see Matter of Veteri v Zoning Bd. of Appeals of the Town of Kent, __ AD3d __ [decided herewith]), the Town Board enacted Local Law No. 4-2017 (hereinafter the local law), which prohibits the production and manufacture of concrete, and the operation of a concrete products plant, in all districts of the town except the Industrial-Office-Commercial District. The subject property was not situated within the Industrial-Office-Commercial District. The local law provides that anyone lawfully engaged in such uses in other districts shall become engaged in a legal nonconforming use which shall terminate by amortization within two years, unless the ZBA extends the amortization period for a limited period of time where the applicant shows it necessary to substantially recover its investment.
The petitioners/plaintiffs commenced this hybrid proceeding pursuant to CPLR article 78 to annul the local law and action to recover damages for alleged constitutional violations, and for [*2]declaratory and injunctive relief. The respondents/defendants (hereinafter collectively the Town) answered the petition/complaint and moved to dismiss the petition/complaint pursuant to CPLR 3211(a)(1) and (7) and 7804(f). In an order dated February 8, 2019, the Supreme Court, among other things, granted the petition to the extent it sought to invalidate the local law on the basis that the respondent/defendant Maureen Fleming, the Town Supervisor, did not properly and completely recuse herself from any discussion with respect to the local law, tainting the entire process and rendering the local law invalid. The court denied all remaining claims for relief, including the Town's motion to dismiss the petition/complaint, as unripe in light of the court's determination that the local law was a nullity. An order and judgment dated March 15, 2019, was subsequently entered, inter alia, declaring the local law invalid. The Town appeals.
"Resolution of questions of conflict of interest requires a case-by-case examination of the relevant facts and circumstances" (Matter of Parker v Town of Gardiner Planning Bd., 184 AD2d 937, 938; see Matter of Pittsford Canalside Props., LLC v Village of Pittsford, 137 AD3d 1566, 1568). "It is critical that the public be assured that their officials are free to exercise their best judgment without any hint of self-interest or partiality, especially if a matter under consideration is particularly controversial" (Matter of Byer v Town of Poestenkill, 323 AD2d 851, 852-853; see Matter of Zagoreos v Conklin, 109 AD2d 281, 288).
Here, Fleming is a member of Hill & Dale Property Owners, Inc., which is a petitioner/plaintiff in a related proceeding and action seeking to annul the ZBA's determination regarding Kent Investors' variance (see Matter of Veteri v Zoning Bd. of Appeals of the Town of Kent, __AD3d__). Fleming conceded that this raised a conflict of interest for her, and recused herself from voting on the local law. However, Fleming continued to preside over the public hearings, engaged in discussions with a representative of Titan and the public on the matter, joined her colleagues in executive session, and voted on certain motions related to the local law.
The Town's current contention that Fleming did not have a conflict of interest requiring her recusal is without merit. A violation of the General Municipal Law is not necessary in order for there to be an improper conflict of interest (see Matter of Schweichler v Village of Caledonia, 45 AD3d 1281, 1283-1284; Matter of Zagoreos v Conklin, 109 AD2d at 287). Rather, the relevant question is whether an official had "any direct or indirect interest, pecuniary or otherwise" (Matter of DePaolo v Town of Ithaca, 258 AD2d 68, 72) in a project "such that their vote could reasonably be interpreted as potentially benefitting themselves" (id. at 72). "[T]he test to be applied is not whether there is a conflict, but whether there might be" (Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd. of Tuxedo, 69 AD2d 320, 325; see 2002 Ops Atty Gen No. 2002-9, 2002 WL 437992; 1997 Ops Atty Gen No. 97-5, 1997 WL 136801; 1995 Ops Atty Gen No. 95-2, 1995 WL 112012).
Here, as a member of a petitioner/plaintiff in a proceeding seeking, in effect, to close the concrete plant in its current location, Fleming had an interest in the local law which went beyond mere expressions of personal opinion or an interest shared by the majority of property owners in the town (see Matter of Schweichler v Village of Caledonia, 45 AD3d at 1283-1284; 1988 Ops Atty Gen No. 88-60, 1988 WL 410578; 1988 Ops Atty Gen No. 88-59, 1988 WL 410580; see generally Webster Assoc. v Webster, 59 NY2d 220, 227; Town of N. Hempstead v Village of N. Hills, 38 NY2d 334, 344; Matter of Troy Sand & Gravel Co., Inc. v Fleming, 156 AD3d 1295, 1304). Further, the Supreme Court properly determined that Fleming's limited recusal was insufficient to remedy the appearance of impropriety which arose from her participation in the public hearings. "[W]here a substantial conflict is inevitable, the public official should not act" (Matter of Parker v Town of Gardiner Planning Bd., 184 AD2d at 938; see 1995 Ops Atty Gen No. 95-2, 1995 WL 112012; see also 1999 Ops Atty Gen No. 99-21, 1999 WL 626048). Moreover, Fleming did not procure an advisory opinion from a local ethics board concluding that her continued participation in the hearings was appropriate (cf. Matter of Byer v Town of Poestenkill, 232 AD2d at 853; see also 2002 Ops Atty Gen No. 2002-8, 2002 WL 437994; 1998 Ops Atty Gen No. 98-38, 1998 WL 643364).
Accordingly, the Supreme Court properly granted the petition to the extent it sought to invalidate the local law on the basis that Fleming's conflict of interest tainted the enactment of [*3]the local law. Having invalidated the local law, the Supreme Court properly declined to address the parties' remaining contentions and the merits of the Town's motion to dismiss the petition/complaint (see Penny Lane/E. Hampton v County of Suffolk, 191 AD2d 19, 29-30).
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court