Matter of Ryan T.G. (Todd G.--Elissa H.) (2025 NY Slip Op 04247)

Matter of Ryan T.G. (Todd G.--Elissa H.)

2025 NY Slip Op 04247

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-05535

[*1]Matter of Ryan T.G. (Anonymous), respondent. Todd G. (Anonymous), et al., respondents; Elissa H. (Anonymous), appellant. (File No. 480/16)

Meth Law Offices, P.C., Chester, NY (Michael D. Meth of counsel), for appellant.

DECISION & ORDER
In a guardianship proceeding pursuant to Surrogate's Court Procedure Act article 17-A, in which Elissa H. petitioned to remove Todd G. and Elisa A. D. as co-guardians of the person and property of Ryan T. G. and to appoint Elissa H. as successor guardian, Elissa H. appeals from an order of the Surrogate's Court, Orange County (Timothy P. McElduff, Jr., S.), dated April 22, 2024. The order, after a hearing, denied the amended petition.
ORDERED that the order is affirmed, without costs or disbursements.
Elissa H. (hereinafter the appellant) and Todd G. (hereinafter the father) are the parents of Ryan T. G., an individual with intellectual and developmental disabilities. In 2017, after Ryan T. G. reached the age of 18, the father and his then-wife Elisa A. D. (hereinafter together the respondents) were issued letters of guardianship appointing the respondents co-guardians of the person and property of Ryan T. G. In 2023, the appellant commenced this proceeding to remove the respondents as Ryan T. G.'s co-guardians and to appoint herself as successor guardian. After a hearing, the Surrogate's Court denied the amended petition. This appeal ensued.
"In order to modify an existing guardianship order, it must be shown that such change would further the best interests of the person who is intellectually or developmentally disabled" (Matter of Jonathan JJ. [Alan JJ.—Caren KK.], 204 AD3d 1308, 1309; see SCPA 1755). In reviewing the Surrogate's determination concerning the modification petition, "we are guided by the principle that this discretionary determination by [the] Surrogate's Court is entitled to great deference as that court ha[s] the opportunity to hear the witnesses and weigh their credibility" (Matter of Garett YY., 258 AD2d 702, 703).
Here, the determination of the Surrogate's Court is supported by the record. The testimony adduced at the hearing demonstrated that Ryan T. G. was thriving in his current living environment in a group residence, where the co-guardians had placed him at his request. Moreover, the testimony also demonstrated that Ryan T. G. had gained independence and was increasingly self-reliant. By contrast, the appellant, in her testimony, did not demonstrate how her appointment as sole guardian was in Ryan T. G.'s best interests.
Accordingly, the Surrogate's Court providently exercised its discretion in denying the amended petition.
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court