MURRAY SCHNEIDER, as President of the New York State Federation of School Administrators, AFSA, AFL-CIO and the Council of Administrators and Supervisors, Local 12, NYSFSA, et al., Respondents-Appellants, v THOMAS SOBOL, as Commissioner of Education, Appellant-Respondent, and NEW YORK STATE UNITED TEACHERS, Intervenor-Appellant-Respondent.

Third Department, October 12, 1989

## APPEARANCES OF COUNSEL

*Robert E. Diaz (Richard J. Trautwein* of counsel), for appellant-respondent.

*Robert Saperstein* for respondents-appellants.

*James R. Sandner (Richard A. Shane* of counsel), for intervenor-appellant-respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

This appeal involves a challenge to regulations by defendant, the Commissioner of Education, implementing the excellence in teaching (hereinafter EIT) set-aside grants. This program and other pertinent background are described in *Schneider v Ambach* (135 AD2d 284), where we declared 8 NYCRR 175.35 (e) (1) (former [i]) invalid as violative of equal protection because it provided eligibility for EIT set-aside funds only to employees in the same collective bargaining unit as classroom teachers even though the proof established that such membership was not relevant to the EIT program's statutory purpose of improving teachers' salaries since membership in teachers' collective bargaining units was not limited to teachers and depended more on historical accident than any objective factor.

Defendant thereafter amended the affected regulation in an attempt to remedy the defect. Defendant interpreted this version of the regulation to include supervisors or administrators who taught some classes among those eligible for EIT set-aside funds. He reconsidered, however, after becoming concerned that such an interpretation was inconsistent with the EIT program's statutory purpose of encouraging teaching careers by providing additional money for teachers' salaries *(see, Schneider v Ambach, supra,* at 287). In an attempt to bring the regulation in line with the statutory purpose, defendant again amended the regulation to provide that mentor teachers and others providing educational services under a nonadministrative teaching certificate who are compensated under a teachers' salary schedule are eligible for EIT set-aside funds but those compensated "under an administrative or

supervisory salary or salary schedule" are not eligible (8 NYCRR 175.35 [e] [1] [i]).

Plaintiffs are and/or represent organizations of school principals, assistant principals, department chairpersons, psychologists, guidance counselors and other educational professionals who teach classes and/or provide other nonsupervisory services to pupils. They commenced this action seeking, *inter alia,* a declaratory judgment that 8 NYCRR 175.35 (e) (1) (i), as amended, violates the Equal Protection Clauses of the US and NY Constitutions, as well as this court's order in *Schneider (supra).* After defendant answered and New York State United Teachers (hereinafter NYSUT) was granted permission to intervene, plaintiffs and defendant moved for summary judgment. Supreme Court granted plaintiffs' motion and denied defendant's cross motion, concluding that 8 NYCRR 175.35 (e) (1) (i) violated equal protection by denying plaintiffs' eligibility for EIT set-aside funds solely on the basis of receiving compensation under an administrative or supervisory salary schedule, which was not necessarily related to their duties. Thus, Supreme Court declared 8 NYCRR 175.35 (e) (1) (i) invalid, but limited its judgment to prospective effect because of the fiscal confusion which would result from retroactive application. These cross appeals followed.

Defendant and NYSUT contend that, on average, administrators and supervisors are paid more than teachers so that EIT set-aside fund eligibility based on distinctions between these salary structures bears a rational relationship to the EIT program's goal of benefiting poorly paid teachers. Plaintiffs counter that the challenged regulation violates equal protection because similarly situated educators are treated differently with regard to EIT set-aside fund eligibility. Specifically, plaintiffs offer documentary proof that similarly situated individuals in different, or even the same, school districts are compensated under different salary schedules, which result from the collective bargaining process in each district and are not necessarily related to any objective employment criterion, so that EIT set-aside fund eligibility depends upon the essentially randomly selected salary classification.

In *Schneider v Ambach* (135 AD2d 284, 288, *supra),* we determined that the rational basis standard of review is appropriate in this type of case. Applying this standard, we are of the view that the challenged regulation is violative of equal protection. The fact that administrators and supervisors generally are paid higher salaries than teachers does not alter

the fact that similarly situated educators are not subject to similar EIT set-aside fund eligibility for any logical reason. Rather, the distinctions are based on the fortuities of how a person's salary is characterized, which is directly related to the collective bargaining process, a factor we held in *Schneider* to be an unwarranted basis for classification. Accordingly, Supreme Court properly declared 8 NYCRR 175.35 (e) (1) (i) unconstitutional.

Defendant's concession that psychologists, guidance counselors and other pupil personnel professionals *(see,* 8 NYCRR 175.35 [e] [1] [i] [a]) who are paid under an administrator's salary schedule will be eligible for EIT set-aside funds further demonstrates the irrationality of the regulation's classification. Although these professional educators paid under an administrator's salary schedule will be eligible for EIT set-aside funds despite the language of the regulation to the contrary, other professional educators who provide comparable educational services but are paid an administrator's salary, such as department chairpersons, will not be eligible. Such distinctions defy logic and are not constitutionally permissible.

This determination makes it unnecessary to discuss the other points addressed by the parties except for that raised by plaintiffs' cross appeal. We find no merit to plaintiffs' contention that the declaration of invalidity should be retroactively applied. As we stated in *Schneider v Ambach,* "Because of the demonstrated hardship and fiscal confusion which would result from retroactive application of a declaration of invalidity * * * the judgment should be prospective only" *(supra,* at 292). Therefore, as we did in *Schneider,* we shall modify only to ensure prospective application of the declaration of invalidity.

We add our observation that inasmuch as three years have passed since the enabling legislation was enacted and some 18 months have passed since our prior decision affecting this regulation, we would hope that defendant promulgates an appropriate regulation in prompt fashion.

KANE, CASEY, WEISS and HARVEY, JJ., concur.

Order and judgment modified, on the law, with costs to plaintiffs, by directing that the declaration of invalidity of 8 NYCRR 175.35 (e) (1) (i) shall be effective upon service of the order to be entered upon this court's decision with notice of entry, and, as so modified, affirmed.