■ In the Matter of COMMITTEE TO PRESERVE BRIGHTON BEACH AND MANHATTAN BEACH, INC., et al., Appellants, v COUNCIL OF THE CITY OF NEW YORK et al., Respondents, and ALEXANDER MUSS & SONS, Intervenor-Respondent. [625 NYS2d 134] —Order and judgment (one paper), Supreme Court, New York County (Lewis Friedman, J.), entered March 16, 1994, which denied petitioners' application pursuant to CPLR article 78 to annul respondents' issuance of certain approvals for a real estate development in Brighton Beach, Brooklyn, and dismissed the proceeding, unanimously affirmed, without costs.

Petitioners challenge administrative actions by the municipal respondents and other city agencies authorizing the grants of a special permit to, and finding that significant adverse environmental impacts could be mitigated by, the developer of a 15-acre waterfront parcel in Brighton Beach, Brooklyn.

Brighton Beach is a residential community at the east end of the Coney Island peninsula. The site, presently zoned for mixed commercial and residential uses, will be rezoned to R7-1 to accommodate a large-scale residential development, and certain streets, which exist only on maps, will be demapped. The gravamen of the proceeding challenges the State Environmental Quality Review Act (SEQRA) findings by the co-lead agencies, upon which the City Planning Commission, and ultimately the City Council, relied in its Uniform Land Use Review Procedure (ULURP) review, and the City Planning Commission's consideration of various land use impacts in connection with the request for a special permit waiving height, setback, rear yard and inter-building distance requirements.

The IAS Court found that neither the institutional petitioners nor the individual petitioners have standing to challenge the issuance of the latter special permit, by virtue of a lack of injuries connected to a lack of a residential nexus with the development. In some respects, we disagree. The Committee was formed specifically to preserve neighborhood character, which even the supplementary final environmental impact statement concedes will be affected by this development, and which is within the protectable statutory zone of interest *(Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, 69 NY2d 406, 412-413)*. Petitioners Seidner and Nicolardi, who bring the action as individuals, also are members of the Committee, and the Committee's standing may dovetail with their own standing *(Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 775)*, which derives from their respective residences immediately adjacent to the project, which will impact on their sightlines, the availability of light, potentially on the flow of sea air to their residences, and from the presumptive diminishment of their own property interests with the change in neighborhood character *(Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra, at 414)*. Petitioner Parks Council, for which the court below denied standing as to the entire petition, has as its purpose advocacy for the preservation and use of open space and parkland, issues that were central to the SEQRA claims, and it should have been accorded standing to challenge the SEQRA findings. However, since the Parks Council does not have as members any of the individual petitioners who have standing to challenge the ULURP findings, this institutional petitioner does not have standing in that regard *(Society of Plastics Indus. v County of Suffolk, supra)*.

With respect to the necessary showing in support of the grant of the special permit, we disagree with petitioners' reading of section 78-313 (d) of the New York City Zoning Resolution. In this case, we do not find that the scale of this project will have so damaging an effect on the neighboring lots as to make issuance of the special permit an arbitrary and capricious exercise of municipal authority. Since the City Planning Commission's resolution of approval has a rational basis in the record *(Matter of Fischer v Markowitz,* 166 AD2d 444), perceived deficiencies in this planning board's formal findings *(see,* NY City Zoning Resolution § 78-043) do not invalidate the determination *(Matter of East Coast Props. v City of Oneida Planning Bd.,* 167 AD2d 641, 643).

Although several challenges on the basis of SEQRA are extant in the administrative record, certain of these issues, such as the capacity of the relevant water treatment plant, its discharge of effluent into swimming and fishing waters during periods of wet weather, and the impact of the State Pollutant Discharge Elimination System (SPDES) permit of diverting to this facility the additional wastewater generated by the development are not apparently resolved by the record of the 1992 proceedings, but neither are they raised by petitioners on appeal. Insofar as the appeal is thus limited, we do not reach the issue of the evaluation of such impacts by the co-lead SEQRA/CEQR (City Environmental Quality Review Act) agencies, and we cannot conclude that the City Planning Commission and City Council failed to take the requisite hard look at the relevant areas of environmental concern.

We find no basis to conclude that the use of 1995 as a "build year" was spurious. We are persuaded by the reasoning of the IAS Court that this is only a nonstatutory baseline used by the CEQR agencies as a device to provide assumptions derived from relevant environmental studies, and we find no reason to adopt petitioners' theory that the data utilized in the environmental impact statement are invalidated because of the reliance on a particular build year. We also find no reason to reject the standard of measurement used by the IAS Court—as-of-right development as a baseline—in determining the effects of the development in its review of the ULURP claims, or to adopt petitioners' argument that the court should have compared the development permitted under the special permit to the no-build alternative.

We have considered the remaining points raised on appeal and find no basis to disturb the ruling of the IAS Court.

Concur—Murphy, P. J., Wallach, Asch, Nardelli and Mazzarelli, JJ.