■ In the Matter of SAVE THE PINE BUSH, INC., et al., Appellants, v PLANNING BOARD OF THE TOWN OF CLIFTON PARK et al., Respondents. [856 NYS2d 687]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Kramer, J.), entered February 1, 2007 in Schenectady County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.

Donald C. Greene, through his company, respondent DCG Development Company, submitted a site plan to respondent Planning Board of the Town of Clifton Park seeking to construct seven light industrial buildings on a 36.68-acre parcel of undeveloped land located within the town. A portion of this property has been identified as a potential habitat for an endangered species known as the Karner Blue Butterfly (Lycaeides melissa samuelis). When the Planning Board, in its capacity as lead agency for the project (see ECL art 8), issued a negative declaration as to the impact this project would have on the surrounding environment and granted site plan approval, petitioner Save the Pine Bush, Inc. (hereinafter petitioner) and several of its individual members commenced this CPLR article 78 proceeding challenging this determination and seeking to set it aside. Respondents moved to dismiss the petition pursuant to CPLR 7804 (e) asserting, among other things, that petitioners lacked standing. Supreme Court granted the motions and this appeal ensued. Because we agree that petitioners lack standing to maintain this proceeding, we now affirm.

To establish standing, petitioner must show that it "would suffer direct harm, injury that is in some way different from that of the public at large" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]) and that such injury falls within the zone of interests, or "concerns[ ] sought to be promoted or protected by the statutory provision under which the agency has acted" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 773; *see Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs*, 46 AD3d 979, 981 [2007]). Moreover, as an organization seeking standing, petitioner "must demonstrate that at least one of its members would have standing to sue individually, that the interests it asserts are germane to its purpose and that the resolution of the claim does not require the participation of its individual members" (*Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs*, 46 AD3d at 982; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 775).

In its petition, petitioner claims that it has standing to maintain this action because it is an environmental organization dedicated in part to the preservation and protection of the Karner Blue Butterfly, and that the proposed development, if implemented, would result in the destruction of this creature's habitat.[1] The petition also alleges that 10 of petitioner's individual members have a special interest in the preservation of this species because they regularly engage in recreational activities in the "Karner Blue Butterfly habitat areas and have either seen these butterflies or have actively looked for them." Essentially, it is argued that because the members enjoy observing the Karner Blue Butterfly as part of their recreational activities, they have a special interest in insuring that the property is not used in a way that would interfere with this activity. While the members undoubtedly engage in this activity, and routinely seek to observe this creature in its habitat, the interest that they seek to protect (i.e., the viewing of a portion of private property from a public byway) is no different than the interest enjoyed by the public at large.[2] Such an activity—and the impact on it as the result of the proposed development of this property—does not establish the " 'specific environmental injury' " that confers standing under the State Environmental Quality

---

1. In reports submitted in connection with this proceeding, two butterflies were observed on the site in 1998, one in 1997 and one on two separate occasions in the summer of 2001.

2. It should be noted that respondent DCG Development Company—the developer of this site—has submitted a management plan which proposes to set aside .91 acres of the site as a Karner Blue Butterfly preserve.

Review Act (*Matter of Save Our Main St. Bldgs. v Greene County Legislature*, 293 AD2d 907, 908 [2002], *lv denied* 98 NY2d 609 [2002], quoting *Matter of Boyle v Town of Woodstock*, 257 AD2d 702, 704 [1999]; *see Matter of Powers v De Groodt*, 43 AD3d 509, 513 [2007]).

While the property to be developed is private, and not directly available to any of petitioner's members for engaging in this activity, standing may still be found to exist if petitioner or one of its members resides in close proximity to it (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 414 [1987]). However, while three of petitioner's members actually live within the Town of Clifton Park, it has not been established that any of them lives in sufficient proximity to this property so as to distinguish any of them as having a "legally protectable interest so as to confer standing" (*id.* at 414; *see Matter of Oates v Village of Watkins Glen*, 290 AD2d 758, 761 [2002]). In fact, not only does it appear that none of the members owns property in close proximity to the site, but petitioner has failed to submit affidavits from any individuals who will be adversely affected by the development of this property in a manner that is different in kind or degree from that of the public at large (*see Matter of Wyman v Braman*, 298 AD2d 787, 788 [2002], *appeal dismissed* 99 NY2d 578 [2003]; *Matter of Otsego 2000 v Planning Bd. of Town of Otsego*, 171 AD2d 258, 261 [1991], *lv denied* 79 NY2d 753 [1992]).

As petitioner has not established that any of its individual members will sustain an injury that is different from that of the public at large as a result of the development of this property or that any of its members resides in close proximity to the proposed site, it has failed to demonstrate that it has standing to maintain this action, and Supreme Court properly dismissed the petition. We have considered petitioners' remaining claims and find them lacking in merit.

Cardona, P.J., Carpinello, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

