Mercure, J.E (dissenting).
We respectfully dissent. It is our view that petitioners have failed to establish standing under Society of Plastics Indus, v County of Suffolk (77 NY2d 761 [1991])—the Court of Appeals case that the parties agree is controlling here—to challenge the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) determination of respondent Common Council of the City of Albany and the grant of the application by respondent Tharaldson Development Company to rezone the site at issue. Thus, while it is indisputable that the Pine Bush Preserve has “distinct environmental characteristics worthy of protecting” (Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 200 [1987]) and that petitioners have shown a dedication and commitment to preserving this important public resource that is both remarkable and admirable, we would reverse and dismiss the petition on constraint of Society of Plastics Indus.
In that case, the Court of Appeals emphasized that “[i]n land use matters especially,” including challenges based upon SE-QRA violations, “the plaintiff, for standing purposes, must show that it would suffer direct harm, injury that is in some way different from that of the public at large” (Society of Plastics Indus, v County of Suffolk, 77 NY2d at 774 [emphasis added]). Particularly relevant here, with regard to organizations or associations, such as petitioner Save the Pine Bush, Inc., “the key determination to be made is whether one or more of its members would have standing to sue; standing cannot be achieved merely by multiplying the persons a group purports to represent” (id. at 775).[1] Indeed, the majority correctly acknowledges that, in order to establish organizational standing, Save the Pine Bush *45 “must demonstrate that at least one of its members would have standing to sue individually” (Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs, 46 AD3d 979, 982 [2007], Iv denied 10 NY3d 706 [2008]; see New York State Assn, of Nurse Anesthetists v Novello, 2 NY3d 207, 211-212 [2004]). It then goes on to employ an analysis, however, that turns the well-settled concept of organizational standing on its head.
The majority first sets forth the interest of the organization in protecting and preserving the Pine Bush and then concludes that the individual members have standing primarily based upon activities they have performed on behalf of the organization. In so holding, the majority misconstrues the concept of organizational standing as explained in Society of Plastics Indus. Organizational or associational standing flows from the individual members to the organization (see e.g. Matter of Sara-toga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs, 46 AD3d at 982-983; Matter of Save Our Main St. Bldgs, v Greene County Legislature, 293 AD2d 907, 909 [2002], Iv denied 98 NY2d 609 [2002]), not the other way around, as the majority in this case concludes. It is for that reason that “the key determination to be made is whether one or more of [the organization’s] members would have standing to sue” (Society of Plastics Indus, v County of Suffolk, 77 NY2d at 775).
In our view, the majority’s analysis is both entirely circular and represents a clear departure from Society of Plastics Indus. The majority bases its finding of individual standing on a demonstration that an organization’s members have acted to advance its environmental protection goals, rather than a showing of special harm to the members’ rights as individuals, and then relies upon the individual members’ standing to establish standing of the organization itself. Therefore, while the majority purports to find individual standing here, it has in actuality rendered meaningless the rule set forth in Society of Plastics Indus. That is, the majority essentially concludes that the only showing required is that an organization has members who have acted in furtherance of its organizational purpose; there is really no need to show that the individual members have any distinct injury in fact. This rationale is directly contrary to the statement in Society of Plastics Indus, that “standing cannot be achieved merely by multiplying the persons a group purports to represent” (id. at 775).
*46 If this Court is now refusing to follow Society of Plastics Indus., it should at the very least acknowledge and explain its disregard of that case, as well as the line of cases that, following Society of Plastics Indus., have required individual petitioners to demonstrate special harm to their own individual rights despite their membership in organizations that have shown similar commitment to the protection and preservation of the natural and cultural resources listed in SEQRA (see ECL 8-0105 [6]; see e.g. Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs, 46 AD3d at 981-983; Matter of Ziemba v City of Troy, 37 AD3d 68, 71 [2006], Iv denied 8 NY3d 806 [2007]; Matter of Coalition for Future of Stony Brook Vil. v Reilly, 299 AD2d 481, 484 [2002]; Matter of Save Our Main St. Bldgs, v Greene County Legislature, 293 AD2d at 908-909; Matter of Long Is. Pine Barrens Socy. v Town oflslip, 261 AD2d 474, 475 [1999]; Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Planning Commn. of City of N.Y., 259 AD2d 26, 31-32 [1999]; Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Council of City ofN.Y, 214 AD2d 335, 336 [1995], Iv denied 87 NY2d 802 [1995]; see also Matter of Save the Pine Bush, Inc. v Planning Bd. of Town of Clifton Park, 50 AD3d 1296, 1297-1298 [2008], Iv denied 10 NY3d 716 [2008]).[2] “[W]e note that standing may indeed be a complicated subject, posing close and difficult issues that divide the Court. Our jurisprudence, however, represents not a black box from which we conjure a desired result” but, rather, an articulation and application of sound logical principles, assuring that our decisions are both consistent and predictable (New York State Assn, of Nurse Anesthetists v Novello, 2 NY3d at 214 n 2).
Here, petitioners concede that they have suffered no special injury and that their interest is no different from that of the public at large. Specifically, they expressly maintain that “[w]here, as here, [petitioners seek to . . . protect public interest in public lands and in wild species, the [petitioners’ interest, by definition, cannot be different from that of the public at large.” Indeed, they insist—and the majority evidently agrees— that standing may be based solely on the organization’s goal of *47 “protecting the public interest in the Albany Pine Bush Preserve, and the right of all members of the public to use and enjoy public resources and the wild species of the Pine Bush.” Again, while this goal is laudable, it is not sufficient to confer standing under the Court of Appeals decision in Society of Plastics Indus. Absent a showing of special harm to the individual petitioners, the fact “[t]hat an issue may be one of ‘vital public concern’ does not entitle a party to standing” {Society of Plastics Indus, v County of Suffolk, 77 NY2d at 769). Thus, even where a proposed project will harm the petitioners’ use and enjoyment of public resources—such as lakes or public parks—the petitioners must demonstrate that an alleged SEQRA violation “will result in [their] suffering that harm to a greater degree” than the rest of the public due to, for example, the proximity of their property to the affected site {Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs, 46 AD3d at 983; see Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Planning Commn. of City ofN.Y., 259 AD2d at 31-32; see also Matter of Long Is. Pine Barrens Socy. v Town of Islip, 261 AD2d at 475; Matter of Buerger v Town of Grafton, 235 AD2d 984, 984-985 [1997], Iv denied 89 NY2d 816 [1997]). Only then will a petitioner be deemed to have alleged a “cognizable injury it would suffer, different in kind or degree from the public at large” and sufficient to confer standing {Society of Plastics Indus, v County of Suffolk, 77 NY2d at 778).[3]
The majority further errs, therefore, in finding that petitioners are asserting a claim of direct personal harm based on use sufficient to establish standing here, particularly in light of petitioners’ repeated insistence that they “are not suing to protect a personal or private right different from the public at large to view a butterfly.” That is, the harm to petitioners’ use and enjoyment of the Pine Bush Preserve is “no different than the interest enjoyed by the public at large” {Matter of Save the *48 Pine Bush, Inc. v Planning Bd. of Town of Clifton Park, 50 AD3d at 1297), and will not confer standing. Furthermore, while petitioner Larry Lessner resides directly in the corridor through which the Karner blue butterflies must migrate from Butterfly Hill to the Pine Bush Preserve and, thus, would suffer a special impact greater in degree than that experienced by the public at large if the butterflies are extirpated by construction of the hotel, petitioners expressly disavow any attempt to assert Lessner’s interest. Petitioners acknowledge the injury to Lessner— which very well may be sufficient to confer standing—but decline to assert his interests in this regard on the ground that he does not “own the butterfly” and, thus, its absence from his property and nearby areas “is not a geographic harm to him or to his property, or to his economic interests or his health or to anything else that is geographically focused.”
In short, petitioners expressly refuse to assert any personal rights of Lessner as a basis for standing and insist that they have no other direct, personal injury that is different in kind and degree from that of the community in general. Accordingly,, inasmuch as petitioners have the burden of establishing standing (see Society of Plastics Indus, v County of Suffolk, 77 NY2d at 769), “the core requirement [is] that a court can act only when the rights of the party requesting relief are affected” (id. at 772), and it is well settled that “parties to a civil dispute are free to chart their own litigation course” (Mitchell v New York Hosp., 61 NY2d 208, 214 [1984]), the individual petitioners lack standing. Because the well-settled test for organizational standing set forth in Society of Plastics Indus, requires that an organization demonstrate that one or more of its individual members would have standing to sue (see Society of Plastics Indus, v County of Suffolk, 77 NY2d at 775), we similarly conclude that Save the Pine Bush also lacks standing and, therefore, the petition should be dismissed.
Rose and Stein, JJ., concur with Kavanagh, J.; Mercure, J.R, and Spain, J., dissent in a separate opinion by Mercure, J.B
Ordered that the appeal from the order entered September 7, 2006 is dismissed, without costs.
Ordered that the judgment and amended judgment are affirmed, without costs.

. While the Court declined to reach the question of “whether, in instances where solely general [or indiscriminate] harm would result from a proposed action, a plaintiff would have standing to raise a SEQRA challenge based on potential injury to the community at large” (Society of Plastics Indus, v County of Suffolk, 77 NY2d at 779), it clarified that when a governmental action “could in any sense be deemed geographically centered in its aim and effect, . . . we all agree that special harm has long been required” (id. at 780 [emphasis added]). Here, the aim of the governmental action was the rezoning of a particular parcel to permit the construction of a hotel, and the potential impact of that action involves the flora and fauna that live on or near that parcel. Thus, the challenged action is geographically centered in its aim and effect and, pursuant to Society of Plastics Indus., a showing of special harm—i.e., harm that differs from that suffered by the public at large—is required herein.

. None of the numerous cases involving Save the Pine Bush that the majority cites is dispositive here on the issue of standing. The issue was simply not addressed in any of those cases except one, and the case that did address standing, Matter of Save the Pine Bush v Planning Bd. of City of Albany (83 AD2d 741 [1981]), predates Society of Plastics Indus.—the dispositive case here—by 10 years.

. The majority misreads Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Planning Commn. of City of NY. (259 AD2d 26 [1999], supra) as holding that use of a public resource by a member of an organization is, in itself, sufficient to establish an injury in fact distinct from any harm to the public at large. As explained by the Appellate Division, First Department, the “threshold question on [that] appeal [was] whether individuals living in close proximity to a public park, and an organization dedicated to preserving and improving the neighborhood, have standing” (id. at 28 [emphasis added]). In any event, as noted above, petitioners have conceded that their interest is no different from that of the public at large.