■ JOHN F. SULLIVAN, as President of the Empire State Supervisors and Administrators Association, et al., Appellants, v DAVID PATERSON, as Governor of the State of New York, et al., Respondents. [915 NYS2d 403]—

Spain, J. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered July 23, 2010 in Albany County, which, among other things, granted defendants' cross motions for summary judgment dismissing the complaint and declaring chapter 45 of the Laws of 2010 to be constitutional.

In this action, plaintiffs challenge legislation enacted in April

2010 which permits certain members of the New York State and Local Employees' Retirement System (hereinafter ERS) and defendant New York State Teachers' Retirement System to retire early without penalty (*see* L 2010, ch 45). Specifically, the statute permits individuals who have attained the age of 55 and completed at least 25 years of creditable service with a participating employer[1] to retire without suffering the reduction in benefits that would otherwise result by operation of Retirement and Social Security Law § 440 *et seq.* and § 600 *et seq.* (*see* L 2010, ch 45, § 5). In addition, and the crux of this constitutional challenge, is the requirement that the employee "hold[ ] a position represented by the recognized collective bargaining units affiliated with the New York state united teachers employee organization" (hereinafter NYSUT) (L 2010, ch 45, § 3 [e]).

Plaintiff John F. Sullivan (hereinafter plaintiff) is the president of the Empire State Supervisors and Administrators Association (hereinafter ESSAA), an organization that represents bargaining units comprised of professional school employees, including primarily, but not exclusively, administrative and supervisory employees. Plaintiffs[2] commenced this action seeking a declaration that chapter 45 of the Laws of 2010 is unconstitutional under both the Federal and State Constitutions on equal protection and freedom of association grounds. Plaintiffs moved for summary judgment and defendants cross-moved, in three separate motions, for summary judgment declaring chapter 45 of the Laws of 2010 to be constitutional and dismissing the complaint. Supreme Court granted defendants' cross motions, prompting this appeal by plaintiffs. We now affirm.

As an initial matter, we reject the argument that ESSAA lacks organizational standing because ESSAA represents local bargaining units and not individuals and, thus, it is argued, none of ESSAA's actual members have standing. In order for an

---

1. Participating employers include school districts, boards of cooperative educational services, vocational education, extension boards and institutions that instruct the deaf and blind and state-operated institutions of the State University of New York (L 2010, ch 45, § 3 [c], [d]).

2. Plaintiff Larraine Gegerson, the president of Baldwin Supervisors Association (hereinafter BSA) and a middle school science chairperson, was found to lack standing in this action by Supreme Court inasmuch as, even without the legislation, she would be eligible to retire without penalty. Supreme Court also held that BSA lacked standing as plaintiffs failed to offer any evidence to establish that any member of BSA had been injured in fact by the challenged legislation. Although Gegerson and BSA are named appellants in the notice of appeal, Supreme Court's finding that they lack standing has not been addressed on appeal. Accordingly, only those arguments advanced on behalf of ESSAA will be addressed.

organization to establish that it has standing to sue, it " 'must demonstrate that at least one of its members would have standing to sue individually, that the interests it asserts are germane to its purpose and that the resolution of the claim does not require the participation of its individual members' " (*Matter of Save the Pine Bush, Inc. v Planning Bd. of Town of Clifton Park*, 50 AD3d 1296, 1297 [2008], *lv denied* 10 NY3d 716 [2008], quoting *Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs*, 46 AD3d 979, 982 [2007], *lv denied* 10 NY3d 706 [2008]). By demonstrating that its member organizations represent individual administrators who would have retired during the open period if they would suffer no penalty, ESSAA essentially demonstrated that its members who represent those individuals would have organizational standing to challenge this legislation. Given that ESSAA represents—if one step removed—individuals suffering an injury in fact, that the interests asserted by ESSAA in this action are germane to its stated mission of representing public school supervisors and administrators, and that pursuit of this action does not require the direct participation of one of ESSAA's members, we hold that ESSAA has organizational standing to sue (*see Matter of Save the Pine Bush, Inc. v Planning Bd. of Town of Clifton Park*, 50 AD3d at 1297).

Turning to the merits, and applying the "exceedingly strong presumption of constitutionality" that this statute enjoys, we must reject plaintiff's equal protection challenge (*Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11 [1976]). Where, as here, a legislative distinction is not based on a suspect classification and does not impair a fundamental right, the challenger has the tremendous burden of demonstrating that no facts can reasonably be conceived to show the existence of a rational basis in support of some legitimate state interest in drawing the distinction (*see Miriam Osborn Mem. Home Assn. v Chassin*, 100 NY2d 544, 547 [2003]; *Riley v County of Monroe*, 43 NY2d 144, 149 [1977]). "The rational basis standard of review is a paradigm of judicial restraint" (*Affronti v Crosson*, 95 NY2d 713, 719 [2001], *cert denied* 534 US 826 [2001] [internal quotation marks and citations omitted]; *see Port Jefferson Health Care Facility v Wing*, 94 NY2d 284, 290 [1999], *cert denied* 530 US 1276 [2000]; *FCC v Beach Communications, Inc.*, 508 US 307, 314 [1993]) and requires the challenger to negate " 'every conceivable basis which might support [the state's interest] *whether or not the basis has a foundation in the record*' " (*Affronti v Crosson*, 95 NY2d at 719, quoting *Heller v Doe*, 509 US 312, 320-321 [1993]). The state, on the other hand, need not produce any evidence to demonstrate the existence of any rational reason for the statu-

tory classification (*see Port Jefferson Health Care Facility v Wing*, 94 NY2d at 291).

Here, defendants have proffered, as a rational basis for drawing a distinction between NYSUT members and nonmembers, that the eligibility exclusion provides a legitimate means to target a group of individuals who, if encouraged to retire, will provide the most cost savings—namely, the classroom teachers and teachers assistants that make up the majority of individuals represented by NYSUT, as opposed to the supervisory and administrative personnel represented by ESSAA. The premise asserted—which plaintiff does not effectively rebut—is that replacing administrators and supervisors is not as advantageous from a cost-savings perspective as replacing older classroom teachers, because supervisors and administrators are usually replaced by someone closer in seniority than a classroom teacher's replacement. The Court of Appeals previously has held that a similarly drawn distinction between teachers and administrators on a financial basis is rational, even where some of the administrators also taught. In *Schneider v Sobol* (76 NY2d 309 [1990]), the Court upheld a regulation that targeted teachers and excluded individuals who were compensated under an administrative or supervisory salary schedule from receiving legislatively created salary supplements where it was uncontroverted that "the average salaries of school administrators as a group are consistently higher than comparable salaries of teachers as a group" (*id.* at 314-315). Likewise, we agree with Supreme Court's well-reasoned conclusion that the proffered financial basis for the distinction utilized here also is rational.

Plaintiff's assertion that the legislation was not explicitly targeted at teachers alone is insufficient to change the fact that such a distinction, as applied, provides a rational basis for the legislation. Indeed, " 'it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the [L]egislature' " (*Port Jefferson Health Care Facility v Wing*, 94 NY2d at 290, quoting *FCC v Beach Communications, Inc.*, 508 US at 315; *see Affronti v Crosson*, 95 NY2d at 719). Further, plaintiff's assertion that the Legislature's decision to include ERS members in the definition of eligible employees necessitates a finding that the state did not intend to target teachers because "[n]o teachers belong to . . . ERS" is incorrect inasmuch as the Legislature had to include ERS members to reach those teachers employed by state-operated institutions of the State University of New York and community colleges (*see* L 2010, ch 45, § 3 [a], [c]).

Nor are we persuaded that the eligibility requirement is ir-

rational because it treats some similarly-situated employees differently, namely, school district psychologists who may or may not be NYSUT members, depending solely on location and/or historical happenstance. "Legislative determinations . . . need not be made with 'mathematical nicety' " (*Miriam Osborn Mem. Home Assn. v Chassin*, 100 NY2d at 547, quoting *Heller v Doe*, 509 US at 321) and " 'rationality is not impaired because a distinction is either over-inclusive or under-inclusive' " (*Samuels v New York State Dept. of Health*, 29 AD3d 9, 20 [2006], *affd* 7 NY3d 338 [2006], quoting *Port Chester Nursing Home v Axelrod*, 732 F Supp 440, 447 [1990]). Further, this Court once accepted the argument asserted by plaintiff in this respect and held that, where teachers are targeted for a benefit, a regulation's disparate treatment of nonteaching positions such as psychologists "demonstrates the irrationality of the . . . classification" (*Schneider v Sobol*, 150 AD2d 135, 138 [1989]), but the Court of Appeals rejected that argument and reversed (*Schneider v Sobol*, 76 NY2d 309 [1990]), further solidifying the principle that a distinction need not be perfect to survive rational basis review.

Finally, we turn to plaintiff's assertion that Supreme Court erred in determining that "NYSUT affiliated locals are a reasonable proxy for teachers" because there are some classroom teachers that are not members of NYSUT. Inasmuch as plaintiff has failed to provide evidence of any individual classroom teacher who would have retired under the incentive but for the requirement that they be a member of NYSUT, plaintiff lacks standing to assert this particular argument on behalf of those excluded teachers (*see e.g. Matter of Benedictine Hosp. v Glessing*, 47 AD3d 1184, 1187 [2008]). Indeed, those individuals who submitted affidavits asserting that they had been personally and negatively impacted by the eligibility exclusion were all administrators or supervisors. Plaintiff also lacks standing to assert that the statute violates any individual's right to free association because he has not offered proof of any individual who would have retired pursuant to chapter 45 of the Laws of 2010, but for their choice not to join a union affiliated with NYSUT (*see e.g. id.*; *see also Wild v Hayes*, 68 AD3d 1412, 1414 [2009]).

Cardona, P.J., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.