■ BAY PARK CENTER FOR NURSING AND REHABILITATION, LLC et al., Appellants-Respondents, v NIRAV R. SHAH, as Commissioner of Health, Respondent-Appellant. [976 NYS2d 291]—

Rose, J.P. Cross appeals from an order of the Supreme Court (Teresi, J.), entered July 3, 2012 in Albany County, which, among other things, partially granted defendant's motion for, among other things, summary judgment dismissing the second amended complaint.

Plaintiffs are profit-making business enterprises operating nursing homes that participate in the Medicaid program. They commenced this declaratory judgment action to challenge the constitutionality of certain reductions in Medicaid reimbursement rates and changes in rate-setting methodology enacted in 2011. Following joinder of issue, defendant moved for, among other things, summary judgment dismissing the second amended complaint and Supreme Court dismissed all but the third cause of action. As limited by their brief, plaintiffs now appeal the dismissal of only their first and sixth causes of action. Defendant cross-appeals the denial of summary dismissal of the third cause of action.

Plaintiffs' first cause of action alleges that the 2011 reimbursement reductions violated the Takings Clause of the 5th Amendment. They argue that they raised a triable issue of fact by showing that their participation in the Medicaid program is involuntary because defendant's policy of applying 10 NYCRR 670.3 (c) (2) required them to agree to accept a certain percentage of Medicaid patients as a condition of obtaining their nursing home licenses and, they contend, they will breach the condition and lose their licenses if they withdraw from the program. The regulation, however, does not render a facility's participation in the Medicaid program involuntary (see *Matter of New York State Health Facilities Assn. v Axelrod*, 77 NY2d 340, 350 [1991]). Nor have plaintiffs offered evidence that any of them has ever sought to withdraw or lost their licenses as a result. Rather, participation is voluntary as a matter of law, and " 'where a service provider voluntarily participates in a price-regulated program or activity, there is no legal compulsion to provide service and thus there can be no taking' " (*Matter of Nazareth Home of the Franciscan Sisters v Novello*, 7 NY3d 538, 546 [2006], quoting *Garelick v Sullivan*, 987 F2d 913, 916 [2d Cir 1993], *cert denied sub nom. Garelick v Shalala*, 510 US 821 [1993]; *see Matter of New York State Health Facilities Assn. v Axelrod*, 77 NY2d at 350).

In plaintiffs' sixth cause of action, they challenge Public Health Law § 2808 (20) (d). This statute grants defendant discretion to "reduce or eliminate the payment factor for return

on or return of equity in the capital cost component of Medicaid rates of payment for services provided by residential health care facilities" (Public Health Law § 2808 [20] [d]). Plaintiffs argue that the statute violates the Equal Protection Clause because it affects reimbursement to profit-making proprietary facilities only, as they alone are eligible to receive reimbursement for return on or return of equity (*see* 10 NYCRR 86-2.21 [e] [4], [6]). Voluntary non-profit facilities, on the other hand, may not withdraw their equity for private purposes (*see* Not-For-Profit Corporation Law §§ 102 [a] [5]; 515 [a]) and, accordingly, they do not receive reimbursement for return on or return of equity (*see* 10 NYCRR 86-2.19). Given this fundamental difference in the underlying economic purposes and incentives of proprietary and voluntary facilities, they are not similarly situated as they must be to sustain plaintiffs' equal protection claim (*see Matter of State of New York v Myron P.*, 20 NY3d 206, 212 [2012]; *Matter of Walton v New York State Dept. of Correctional Servs.*, 13 NY3d 475, 493 [2009]; *Matter of County of Albany v Hudson Riv.-Black Riv. Regulating Dist.*, 97 AD3d 61, 71 [2012], *lv denied* 19 NY3d 816 [2012]). Moreover, plaintiffs concede that the state has a legitimate interest in reforming Medicaid reimbursement rates in order to contain costs in light of economic challenges facing the state (*see e.g. Bertoldi v State of New York*, 275 AD2d 227, 229 [2000], *appeal dismissed* 95 NY2d 958 [2000], *lv denied* 96 NY2d 706 [2001]; *Matter of North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation v Commissioner of N.Y. State Dept. of Health*, 190 AD2d 494, 498 [1993], *lv denied* 82 NY2d 665 [1994]; *Matter of Shattenkirk v Finnerty*, 97 AD2d 51, 59 [1983], *affd* 62 NY2d 949 [1984]). The Legislature had a rational basis for treating voluntary and proprietary facilities differently in terms of cuts to their reimbursements because there is no corresponding category of capital cost reimbursement for voluntary facilities that could be cut without impacting their ability to meet their capital expenses (*see Matter of State of New York v Myron P.*, 20 NY3d at 212; *Matter of Raynor v Landmark Chrysler*, 18 NY3d 48, 59 [2011]).

We also agree with defendant's argument on his cross appeal that Supreme Court should have dismissed plaintiffs' third cause of action alleging that Public Health Law § 2808 (2-d) (f) violates the Equal Protection Clause. In an effort to ameliorate the impact of the reimbursement rate reductions, that statute provides supplemental rate payments for nursing homes that have experienced a net reduction in their inpatient rates of more than $6 million since 2006. Although Supreme Court held that defendant failed to demonstrate a rational basis for the $6 million threshold for these supplemental payments, noting that

facilities losing $5.5 million could be just as entitled to such payments, any line drawing by the Legislature is subject to an attack as being under-inclusive or over-inclusive. Nonetheless, it is the Legislature's function to draw the line. Mathematical precision is not required and the Legislature's decision "must be accepted unless we can say that it is very wide of any reasonable mark" (*Montgomery v Daniels*, 38 NY2d 41, 65 [1975]; *see Sullivan v Paterson*, 80 AD3d 1051, 1055 [2011]). Given the limited financial ability of the state to provide supplemental rate payments, and in the absence of evidence that the $6 million threshold for entitlement to such payments is unreasonable, plaintiffs have not demonstrated that the threshold lacks a rational basis (*see Montgomery v Daniels*, 38 NY2d at 65; *see also Brightonian Nursing Home v Daines*, 21 NY3d 570, 577-578 [2013]; *Port Chester Nursing Home v Axelrod*, 732 F Supp 440, 447 [SD NY 1990]).

Stein, McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing the third cause of action; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed. **[Prior Case History: 2012 NY Slip Op 31606(U).]**