■ In the Matter of PROSPECT PARK EAST NETWORK et al., Appellants, v NEW YORK STATE HOMES & COMMUNITY RENEWAL et al., Respondents, et al., Respondent. [2 NYS3d 467]—

Order, Supreme Court, New York County (Peter H. Moulton, J.), entered June 23, 2014, which vacated a temporary restraining order and denied petitioners' motion for a preliminary injunction staying any work on the subject project, and any further public financing for the project, until a further environmental review is conducted, unanimously affirmed, without costs.

In this proceeding brought pursuant to CPLR article 78 seeking to, among other things, annul a negative declaration of

environmental impact issued by respondent New York State Housing Finance Agency (HFA), Supreme Court providently exercised its discretion in denying petitioners' motion for a preliminary injunction (see Gilliland v Acquafredda Enters., LLC, 92 AD3d 19, 24-25 [1st Dept 2011]). Petitioners did not demonstrate a likelihood of success on the merits (id.), since HFA identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination (see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007] [internal quotation marks omitted]). The environmental assessment form (EAF) specifically analyzed the issues of secondary displacement and of the project's impact on the view from Prospect Park, and found no significant adverse environmental impacts. Even if the project should have been designated as a Type I action, any misclassification was harmless error, because the procedures applicable to Type I actions were used—namely, the Full EAF (see Matter of Rusciano & Son Corp. v Kiernan, 300 AD2d 590, 590-591 [2d Dept 2002], lv denied 99 NY2d 510 [2003]; Matter of Jaffee v RCI Corp., 119 AD2d 854, 855 [3d Dept 1986], lv denied 68 NY2d 607 [1986]). HFA properly submitted a supplemental affidavit to explain the analysis set forth in the EAF in response to the challenges raised by petitioners in this proceeding (see Matter of Chinese Staff & Workers' Assn. v Burden, 88 AD3d 425, 433 [1st Dept 2011], affd 19 NY3d 922 [2012]).

Supreme Court properly determined that the impact of HFA's financing of the project is slight, since the project can be built "as of right" without HFA's financing (see Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Council of City of N.Y., 214 AD2d 335, 337 [1st Dept 1995], lv denied 87 NY2d 802 [1995]).

We have considered petitioners' remaining contentions and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ. **[Prior Case History: 2014 NY Slip Op 31577(U).]**