Matter of United Jewish Community of Blooming Grove, Inc. v Washingtonville Cent. Sch. Dist. (2022 NY Slip Op 03566)





Matter of United Jewish Community of Blooming Grove, Inc. v Washingtonville Cent. Sch. Dist.


2022 NY Slip Op 03566


Decided on June 2, 2022


Appellate Division, Third Department


Ceresia, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 2, 2022

534406

[*1]In the Matter of United Jewish Community of Blooming Grove, Inc., et al., Respondents,
v
Washingtonville Central School District et al., Appellants.

Calendar Date:April 27, 2022

Before: Clark, J.P., Pritzker, Colangelo, Ceresia and McShan, JJ.


Shaw, Perelson, May & Lambert, LLP, Poughkeepsie (Mark C. Rushfield of counsel), for Washington Central School District, appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for New York State Education Department, appellant.
Whiteman Osterman & Hanna LLP, Albany (Robert S. Rosborough IV of counsel), for respondents.
New York State School Boards Association, Latham (Jay Worona of counsel), for New York State School Boards Association, amicus curiae.
Bienstock PLLC, New York City (Martin Bienstock of counsel), for Agudath Israel of America, amicus curiae.


Ceresia, J.
Appeal from a judgment of the Supreme Court (Lynch, J.), entered November 18, 2021 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, granted petitioners' motion for summary judgment.
Petitioner United Jewish Community of Blooming Grove, Inc. is a not-for-profit corporation that provides services to Jewish families in Orange County. Petitioners Joel Stern and Yitzchok Ekstein reside within respondent Washingtonville Central School District (hereinafter the District) and send their children to nonpublic schools in the Village of Kiryas Joel, Orange County. Although the District provides school bus transportation to resident students who are enrolled in nonpublic schools, like Stern's and Ekstein's children are, it does so only on days when public schools are in session. Given that nonpublic schools, at times, observe different holidays and school breaks than public schools, there are days throughout the school year when the District does not provide transportation to nonpublic school students even though their schools are in session. The District's policy on this issue is consistent with guidance posted on the website of respondent State Education Department (hereinafter SED) — specifically, an online handbook on transportation of students enrolled in nonpublic schools.
On two occasions during the 2020-2021 school year, counsel for petitioners wrote to the District, requesting that it provide bus transportation for students of nonpublic schools in Kiryas Joel on days when those schools were in session but the public schools were closed. After those requests were denied by the District, petitioners commenced the instant hybrid CPLR article 78 proceeding and declaratory judgment action, seeking, among other things, a declaration that central school districts are statutorily required to transport nonpublic school students on all days that their schools are open and that SED's guidance to the contrary is invalid, together with a permanent injunction preventing the District from denying transportation to nonpublic school students on those days. Petitioners sought, and Supreme Court granted, a preliminary injunction compelling the District to provide the requested transportation at the commencement of the 2021-2022 school year. However, the preliminary injunction was automatically stayed when respondents appealed from the order granting it (see CPLR 5519 [a] [1]), and this Court thereafter, among other things, denied petitioners' motion to vacate the automatic stay (see 2021 NY Slip Op 73586[U]).
Following joinder of issue, petitioners moved for summary judgment on their declaratory judgment claims, the District and SED opposed, and SED cross-moved for summary judgment dismissing the petition/complaint. Supreme Court, among other things, granted petitioners' motion, denied SED's cross motion, issued the requested permanent injunction, declared that the District [*2]is required to provide transportation for all nonpublic school students on all days that their schools are open, and further declared that SED's guidance to the contrary is null and void. Respondents appeal. Because we find that school districts outside New York Cityare not statutorily obligated to transport nonpublic school students on days when public schools are closed, we reverse.
This case turns upon interpretation of Education Law § 3635, which sets forth the obligations of school districts to provide resident children with transportation to public and nonpublic schools. In matters of statutory interpretation, our "primary consideration is to ascertain and give effect to the intention of the Legislature" (Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524 [2019] [internal quotation marks and citations omitted]). Noting that "the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; accord Matter of DeVera v Elia, 32 NY3d 423, 435 [2018]). As is relevant here, Education Law § 3635 (1) (a) states that "[s]ufficient transportation facilities . . . shall be provided by the school district for all the children residing within the school district to and from the school they legally attend, who are in need of such transportation because of the remoteness of the school to the child or for the promotion of the best interest of such children."
While this subsection contains language as to what must be provided ("[s]ufficient transportation facilities"), for whom ("all the children residing within the school district"), and where ("to and from the school they legally attend"), absent from the plain language of the subsection is any explicit direction as to when such transportation must be provided. One interpretation, put forward by petitioners and adopted by Supreme Court, is that all children must be transported to and from school on all of the days that their school is open, with nonpublic school students treated no differently than public school students in that regard. Respondents, on the other hand, interpret the subsection as requiring only "sufficient" transportation, which is achieved by providing equal transportation services, on the same days of the year, to nonpublic and public school students alike. Inasmuch as the statute is silent as to when transportation must occur, and acknowledging the parties' conflicting interpretations — each of which is at least arguably persuasive, with both sides claiming that their interpretation treats all children equitably — we find that the legislative intent on this point cannot be gleaned from the statutory text alone, and therefore an examination of the legislative history is required (see Matter of Shannon, 25 NY3d 345, 352 [2015]; People v Ballman, 15 NY3d 68, 72 [2010[*3]]).
The above-quoted statutory language has existed in its current form since 1939 (see L 1939, ch 465). In 1985, the Legislature adopted a separate subsection, Education Law § 3635 (2-a), the purpose of which was to "provide for transportation to nonpublic schools on a limited number of days upon which public schools are scheduled to be closed" (State Ed Dept Mem in Support, Bill Jacket, L 1985, ch 902 at 19). However, as enacted, this subsection applies only to cities with populations in excess of one million, i.e., New York City. Nonpublic schools in New York City may choose, from a limited list, up to five (or, in certain years, up to 10) days on which their students will receive transportation services even though the public schools are scheduled to be closed (see Education Law § 3635 [2-a]). This list includes, among others, the week of Labor Day, certain Jewish holidays, and the week between Christmas Day and New Year's Day, but not Saturdays, Sundays or legal holidays.[FN1] In our view, contrary to petitioners' contention, both the legislative history of this amendment and the plain wording of it — namely, the use of the language "provide for" (Education Law § 3635 [2-a]; State Ed Dept Mem in Support, Bill Jacket, L 1985, ch 902 at 19) — indicate that its purpose was to expand the number of required transportation days, and not to limit a previously unrestricted transportation obligation.
When the Legislature first considered this amendment to the statute, the original version of the bill contained an additional requirement that central school districts outside New York City also provide transportation to nonpublic school students on days that public schools are closed, albeit for only two days per year, rather than the five or 10 days required in New York City (see State Ed Dept Mem in Support, Bill Jacket, L 1985, ch 902 at 20; Letter from Counsel and Deputy Commissioner for Legal Affairs, State Ed Dept to Governor, Bill Jacket, L 1985, ch 902 at 18). Insofar as the proposed bill pertained to central school districts, it was strongly opposed by New York State United Teachers and New York State School Boards Association, both of which opined that it would impose significant financial and administrative burdens upon central school districts and interfere with negotiated contracts (see Mem in Opposition, NY State School Bds Assn, Bill Jacket, L 1985, ch 902 at 23; Letter in Opposition, NY State United Teachers, Bill Jacket, L 1985, ch 902 at 26-27). By way of example, the New York State School Boards Association pointed out that the Guilderland Central School District transported students to 33 nonpublic schools, resulting in the possibility of up to 66 additional days of transportation that the district would be required to provide in the event that each nonpublic school was allowed to choose any two days, as the bill was drafted (see Mem in Opposition, NY State School Bds Assn, Bill Jacket, L 1985, ch 902 at 24). Ultimately, the Legislature [*4]omitted this mandate from the final version of the bill, manifesting its intent not to require central school districts to provide transportation to nonpublic school students on days that public schools are closed (see Stettine v County of Suffolk, 66 NY2d 354, 358 [1985]; Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208-209 [1976]; People v Skinner, 94 AD3d 1516, 1519 [2012]).
Further legislative history is instructive. In 1983, 1999, and 2001, the Legislature considered bills that would have expanded Education Law § 3635 by adding language requiring school districts to transport nonpublic school students on certain days when public schools are closed (see State Ed Dept Mem in Support, 1983 NY Senate Bill S4989; Mem in Support, 1999 NY Assembly Bill A7382C; Mem in Support, 2001 NY Assembly Bill A150). None of these bills were passed into law. It is also noteworthy that the Legislature has not intervened, by way of any statutory amendment, to correct SED's longstanding interpretation of Education Law § 3635 as permitting, but not requiring, transportation of nonpublic school students on days when the public schools are closed (see Greater N.Y. Taxi Assn. v New York City Taxi & Limousine Commn., 25 NY3d 600, 612 [2015]). This interpretation by SED has been found in its transportation handbook for at least the last 30 years, and was upheld by its Commissioner 14 years ago in a parent's appeal from a district's denial of transportation (see Matter of Brautigam, 47 Ed Dept Rep 454 [Decision No. 15,772] [2008]).
We reject Supreme Court's broad view of the statute not only because it runs afoul of the legislative history, but also because it would lead to unreasonable results (see People ex rel. McCurdy v Warden, Westchester County Corr. Facility, 36 NY3d 251, 262 [2020]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 255 [2019]). To be sure, the Legislature could not have intended to require school districts to transport nonpublic school students in the summer, on weekends, on state or federal holidays, or on days when public schools are closed for weather-related or other emergency reasons, none of which would be foreclosed by Supreme Court's interpretation. For all of the foregoing reasons, we hold that Education Law § 3635 (1) (a) permits, but does not require, school districts outside New York City to transport nonpublic school students to and from school on days when the public schools are closed.
Although Supreme Court did not address the two alternative grounds contained in petitioners' summary judgment motion, we find them to be without merit. First, petitioners did not establish that Education Law § 3635, as interpreted by SED, violates the Equal Protection Clause of the NY Constitution.[FN2] "A violation of equal protection is deemed to occur when a state agency treats persons similarly situated differently under the law" (Matter of Montgomery v New York State Dept. of Corr. & Community Servs., 192 AD3d 1437[*5], 1441 [2021] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 908 [2021]). As an initial matter, the statute does not create a suspect classification, as " the unequal treatment of which [petitioners] complain[] is discrimination between public and nonpublic schools, not anything of a religious nature" (Archbishop Walsh High School v Section VI of N.Y. State Pub. High School Athletic Assn., 88 NY2d 131, 136 [1996]). That said, "[w]here, as here, a legislative distinction is not based on a suspect classification and does not impair a fundamental right, the challenger has the tremendous burden of demonstrating that no facts can reasonably be conceived to show the existence of a rational basis in support of some legitimate state interest in drawing the distinction" (Sullivan v Paterson, 80 AD3d 1051, 1053 [2011]). Even assuming, without deciding, that SED's guidance treats nonpublic and public school students differently, SED has articulated a rational basis for it — the financial and administrative burdens that would be imposed upon school districts if they were required to transport nonpublic school students on days when public schools are closed (see id. at 1054; Bukovsan v Board of Educ. of City School Dist. of City of Oneonta, 61 AD2d 685, 687 [1978]).
Second, petitioners failed to show that SED's transportation guidance violates either the State Administrative Procedure Act or the separation of powers doctrine. SED's online handbook, in a question-and-answer format, simply provides interpretation and clarification of statutory transportation requirements and is therefore exempt from the rule-making requirements of the State Administrative Procedure Act (see State Administrative Procedure Act § 102 [2] [b] [iv]; Matter of Board of Educ. of the Kiryas Joel Vil. Union Free Sch. Dist. v State of New York, 110 AD3d 1231, 1234 [2013], lv denied 22 NY3d 861 [2014]). Likewise, this interpretive guidance does not constitute legislative policy-making in violation of the doctrine of separation of powers.
Finally, given that our disposition in this hybrid proceeding is on the merits, we will make declarations of the rights of the parties (see Hirsch v Lindor Realty Corp., 63 NY2d 878, 881 [1984]; Dodson v Town Bd. of the Town of Rotterdam, 182 AD3d 109, 113 [2020]).
Clark, J.P., Pritzker, Colangelo and McShan, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs; petitioners' motion denied; respondent State Education Department's cross motion granted; it is declared that respondent Washingtonville Central School District is not required to transport nonpublic school students on days when its public schools are closed; and it is declared that the State Education Department's transportation guidance, to the effect that school districts outside New York City are permitted, but not required, to transport nonpublic school students on days when public schools are closed, is valid.



Footnotes

Footnote 1: These are alternate, and not additional, days of transportation, given that the school district is to provide transportation for the same number of days for both nonpublic and public school students, up to a maximum of 180 days (see Education Law § 3635 [2-a]).

Footnote 2: While petitioners also made a state constitutional claim on the ground that SED's guidance violated their right to free exercise of religion, petitioners do not raise this contention in their brief and have therefore abandoned it on appeal (see Matter of Pratt v New York State Off. of Mental Health, 153 AD3d 1065, 1067 [2017]).